## STRICKLAND v. NATALBANY LUMBER CO., Limited.

### No. 2212.

Court of Appeal of Louisiana. First Circuit.

March 4, 1941.

A. W. Spiller, of Hammond, for appellant.

Carroll Buck, of Amite, for appellee.

OTT, Judge.

On November 30, 1939, plaintiff and defendant entered into a written contract whereby the former agreed to take up and remove the rails and angle bars on a railroad extending from Natalbany to Grangeville, a distance of about 33 miles. The consideration fixed in the contract was $175 per mile. Plaintiff completed the contract on January 30, 1940, and was paid all the contract price, except the sum of $490. This suit was filed to recover this balance.

The defendant admitted the correctness of this balance and deposited the sum of $367.89 in court to cover said balance after deducting the sum of $122.11 to cover the social security tax for which defendant claims it was liable and has paid on plaintiff's employees under Act No. 97 of 1936, as amended by Act No. 164 of 1938. A tender of the balance, less the tax, was made to plaintiff before the suit was filed and the tender was refused. The sole question is whether or not the defendant had the right to deduct this tax from the amount due plaintiff. The trial judge decided that the defendant had this right and rendered a judgment rejecting plaintiff's demands and decreeing the tender sufficient. Plaintiff has appealed.

In the execution of the contract in taking up and removing the rails and bars on this railroad track, the plaintiff did not have in his employment as many as four men for twenty weeks or twelve men for ten weeks in the calendar year of 1939, or in the succeeding calendar year, and, therefore he was not an employer as defined in Section 18, Paragraph (f) (1) (C), of Act No. 164 of 1938, amending Act No. 97 of 1936. He was not required as an employer to make contributions for himself and his employees to the unemployment relief fund provided for in Section 6 of the above acts. However, under Section 18 (e) of the said acts, the defendant, Natalbany Lumber Company, as an employing unit was required to make the contributions for the plaintiff's employees as they were engaged in work which was part of the usual trade and business of the defendant company. It appears that the Unemployment Compensation Division of the State Department of Labor ruled that the defendant company was responsible for the payment of the employer-employee contributions under the Louisiana Unemployment Compensation Act, and the correctness of this ruling does not seem to be questioned.

The substance of paragraph (e) of Section 18 of Act No. 97 of 1936, as amended by Act No. 164 of 1938, is that whenever an employing unit as defined in this paragraph contracts with any contractor or subcontractor for any work which is a part of its usual business (unless the contractor or subcontractor is himself an employer under other terms of the act, which is not the case here), the employing unit (in this case the defendant company) shall for the purposes of the act be deemed to employ each individual in the employ of such contractor or subcontractor during the time that such individual is engaged in performing such work. As the work of taking up and removing this railroad track was determined to be a part of the usual trade and business of the defendant company, it was liable for the payment of contributions for the men employed by plaintiff in doing this work, even though the latter was an independent contractor.

The evident purpose of the above mentioned provision was to make the employ-

654

ing unit, or the head of the business, having work done in furtherance of its usual trade and business primarily responsible for the payment of the employer-employee contributions for the benefit of the unemployment fund. But the employing unit in such a case is given recourse against the contractor or subcontractor by a provision in the above paragraph to the effect "that any employing unit which shall become liable for and pay contributions with respect to individuals in the employ of any such contractor or subcontractor [who is not an employer by reason of other provisions of the act] may recover the same from such contractor or subcontractor."

It is under this last provision that the defendant company is claiming the right to deduct (or recover) from the plaintiff as its contractor the amount paid on account of his employees in doing this contract work. There is no question as to the correctness of the amount of the tax if it can be deducted from the balance due plaintiff under the contract.

The contract between plaintiff and defendant contains the following provision: "It is agreed and understood by the parties hereto that the undertakings of the said T. R. Strickland under this contract are such undertakings that he is clearly an independent contractor engaged in a business which Natalbany Lumber Company, Ltd. is not now engaged in; however, if for any reason the Courts should hold that such an undertaking of the said T. R. Strickland as an independent contractor would under the Compensation Act of the State of Louisiana constitute the Natalbany Lumber Company, Ltd. as a principal with liability in favor of employees of the said T. R. Strickland, the parties hereto, in order to afford protection against said contingency agree that the said T. R. Strickland at the commencement of his said operations under this contract will obtain protection by insurance so as to afford protection against said contingent liability of Natalbany Lumber Company, Ltd., as well as himself."

Plaintiff contends that insofar as he is concerned, the defendant company is bound by the statement made in the contract to the effect that plaintiff is an independent contractor engaged in a business that the defendant company is not now engaged in; that there would be no social security tax due by either plaintiff or defendant if the statement in the contract that plaintiff's undertaking thereunder to take up and remove this railroad track was not the kind of work that came within defendant's usual trade and business; that when he entered into this contract he had a right to and did rely on this statement, as well as receive advice from state officials that he would not be liable for this tax.

The clause in the contract quoted above clearly indicates that the parties had in mind the protection of the defendant company from liability to plaintiff's employees for compensation under the Compensation Law of the State. There was an obvious doubt in the minds of the parties as to whether or not the courts might hold that the work which plaintiff was to do under the contract was a part of the usual business of the defendant company, and in case it was so held, defendant would be liable for compensation to plaintiff's employees injured while performing this work.

There is no reference made in the contract to the payment of or liability for employer-employee contributions under the unemployment relief law. The law itself fixed the liability and rights of the parties in that respect and they are presumed to have contracted with reference to and knowledge of this law. If there was to be no liability on the part of the plaintiff for this tax on account of his employees, or for re-imbursement to defendant of any tax it might be required to pay for him under the law, it appears that such a clause would have been inserted in the contract, as was the case with reference to liability under the Compensation Law. There is no warranty in the contract on the part of the defendant company that the work which plaintiff had contracted to do for it was not a part of its usual business so as to relieve either party to the contract of liability for the payment of the social security tax. On the contrary, as already stated, the parties themselves were doubtful if the work which plaintiff was to do was not a part of defendant's usual business. Both parties signed the contract, and defendant is no more estopped by its recitals than plaintiff, nor is one bound by its terms more than the other.

Before signing the contract, plaintiff consulted a local official of the Unemployment Compensation Division to ascertain if he would be required to pay any social security tax under the contract and was advised that he would not. The defendant company, so far as the record shows, knew nothing of this advice, nor did the company undertake to assure the plaintiff of the correct-

ness of such advice, or warrant him against any liability for the tax.

As the law fixed primary liability for the tax on the defendant as the employing unit but gave it the right to recover the tax so paid from the plaintiff as its contractor, the law must be enforced as written. Defendant's right to deduct the amount from the balance due plaintiff is the same as its right to recover the amount from him would be if the defendant company owed him no balance.

For the reasons assigned, the judgment appealed from is affirmed at plaintiff's cost in both courts.