## HALL v. TRADERS & GENERAL INS. CO.
### No. 12406.

Court of Civil Appeals of Texas. Dallas.
March 6, 1937.

White & Yarborough, of Dallas, for appellant.

Lightfoot, Robertson, Saunders & Gano, of Fort Worth, and Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellee.

BOND, Justice.

The appellant, E. R. Hall, sought by this suit to annul an order of the Industrial Accident Board awarding him compensation and to recover from appellee, Traders & General Insurance Company, in a lump sum, under a workmen's compensation policy to his employer, for disability caused by an alleged injury sustained by him in the course of his employment.

The uncontradicted evidence shows that the alleged employer, F. C. Crane Company, was a corporation engaged in the business of buying from manufacturers and selling at retail to purchasers road machinery and supplies, that it maintained a shop and foundry for repair of such machinery coming into its place of business, and that its business was conducted at 1301 S. Lamar street in the city of Dallas, Tex.; and the uncontradicted evidence further shows that F. C. Crane Company had purchased some lots on Grand avenue, in the city of Dallas, which was some three or four miles from its place of business on S. Lamar street, with the intention of moving its place of business to the Grand avenue property after certain improvements had been completed thereon, and that the appellant, an employee of the F. C. Crane Company, when he received his injuries, was working on this Grand avenue property, removing parts of old improvements on the lots, preparatory to the making of new improvements thereon, and the moving of machinery therein.

The compensation policy to the employer obligated the insurer to indemnify F. C. Crane Company against loss, by reason of the liability imposed upon it by law, for damages on account of injuries to any employee working in its machine shops, office, and outside salesmen or messengers, whether occurring in its shops or elsewhere, who are "entitled thereto under the Workmen's Compensation Law [Vernon's Ann.Civ.St. art. 8306 et seq.] and in the manner therein provided." The insured's place of business was designated in the policy at "1301 S. Lamar street, Dallas, Texas."

The case was being tried to a jury and at the conclusion of appellant's evidence the trial court sustained appellee's motion for verdict, accordingly instructed the jury, and entered judgment for appellee.

The main question in this case is whether or not E. R. Hall sustained injuries "in the usual course of trade, business, profession, or occupation of his employer." Bearing upon the question involved, appellant was an employee of F. C. Crane Company and, on the occasion of his injury, was engaged in the "course of his employment." His employment embraced different kinds of work at the lots on Grand avenue, preparatory for the improvement of the property for his employer to move its place of business from S. Lamar street. At the time of appellant's injuries and for a long time prior thereto, F. C. Crane Company was engaged in buying and selling road machinery and maintained a shop and foundry for repair of their own machinery at S. Lamar street, accordingly, the "usual course of business" of the Crane Company was the buying and selling road machinery, and not moving its place of business or building new buildings to house and place its machinery.

An employee to whom relief or compensation is awarded by statute is defined in section 1 of article 8309: "'Employé' shall mean every person in the service of another under any contract of hire, expressed or implied, oral or written, except masters of or seamen on vessels engaged in interstate or foreign commerce, and except one whose employment is not in the usual course of trade, business, profession or occupation of his employer." The policy of the insurance carrier limited the company's risk to all employees entitled to relief or compensation "under the Workmen's Compensation Law,"

392

which, by reference, excepts from its coverage all employees "whose employment is not in the usual course of trade, business, profession or occupation of his employer." It is not sufficient under the terms of the statute that the injured party at the time of his injuries was an employee of the insured, and engaged in the course of his employment; but he must be engaged at the time in the "usual" course of trade, business, or occupation of his employer. Indeed, the appellant was working for his employer, F. C. Crane Company, and in accordance with its directions, but his injuries did not arise in the performance of work of the usual course of the trade or business of the company; therefore, not a compensation employee within the terms of the policy and the limitations of the statute. This conclusion accords with the decision of Oilmen's Reciprocal Ass'n v. Gilleland (Tex.Com.App.) 291 S.W. 197; Texas Employers' Ins. Ass'n v. Sewell (Tex. Civ.App.) 32 S.W.(2d) 262 (writ of error refused); Croswell v. Commercial Standard Ins. Co. (Tex.Civ.App.) 56 S.W.(2d) 918; Texas Employers' Ins. Ass'n v. Wright (Tex.Com.App.) 97 S.W.(2d) 171.

The judgment of the lower court is affirmed.