STATE ex rel. OKLAHOMA EMPLOY-
MENT SECURITY COMMISSION
v. DICKSON OIL CO.

No. 31196. Jan. 29, 1946.

Rehearing Denied Feb. 19, 1946.

*165 P. 2d 979.*

Burton Duncan, Mark L. Neumann, and Bruton Wood, all of Oklahoma City, for plaintiff in error.

Butler & Rinehart, of Oklahoma City, for defendant in error.

WELCH, J. The question presented here is whether the Dickson Oil Company was an "employer" within the meaning of the Oklahoma Unemployment Compensation Law, chap. 52, S. L. 1936 § 19f.

Dickson contends it was not such an employer in the period involved because it never had as many as eight employees for the length of time prescribed in the act. However, it is stipulated that Dickson employed the Moday Drilling Company and the Halko-Meyers Drilling Company as independent contractors to drill oil and gas wells on property owned or leased by Dickson. And it is stipulated that if it is proper to include the employees of the drilling companies in the count of persons employed by Dickson, then Dickson was an employer within the purview of the act.

If the Dickson was an "employer" under the terms of the act, then it cannot prevail in this suit to recover back the pay roll taxes or contributions which it made under the terms of the act.

The act provides that any individual or organization employing one or more individuals is an "employing unit," and further provides that "whenever any employing unit contracts with or has under it any contractor or subcontractor for any employment which is part of its usual trade, occupation, profession or business . . . the employing unit shall for the purposes of this act be deemed to employ each individual in the employ of each such contractor or subcontractor, . . ." Chap. 52, S. L. 1936, § 19 (e).

The only contention of Dickson is that the employment of the drilling companies to drill his oil wells was not "part of its usual trade, occupation, profession or business."

The stipulation of the parties discloses that the plaintiff, Dickson is engaged generally in the oil business, including production of oil and the ownership and management of oil and gas leaseholds and royalty interests, and the holding of land and leases "for the purpose of exploring for and producing, if discovered, oil and gas." It seems to us that the drilling of wells is fundamentally an integral part of the usual trade or business of Dickson in owning and leasing land for the purpose of exploring for and producing, if discovered, oil and gas. There is the statement in the stipulation that Dickson is "not engaged in drilling oil and gas wells," but in view of all the other facts stipulated, we take it that this last-quoted statement means to say that Dickson is not engaged exclusively in the drilling business as is the Moday Drilling Company as well as the Halko-Meyers Drilling Company.

In any event, we conclude that the drilling companies employed to drill Dickson's wells are engaged in an "employment which is part of its usual trade, occupation, profession or business."

It does not appear that this court has heretofore construed the "contractor" provision of this act. We have considered the following cases cited by Dickson: Maine Unemployment Compensation Commission v. Maine Sav. Bank, 136 Me. 136, 3 Atl. 2d 897; Cummings v. Union Quarry, 231 Mo. App. 1224, 87 S. W. 2d 1039; Hall v. General & Traders Ins. Co. (Tex. Civ. App.) 103 S. W. 2d 390; Croswell v. Commercial Standard Ins. Co. (Tex. Civ. App.) 56 S. W. 2d 918, and Dancy v. Abraham Bros. Packing Co., 171 Tenn. 311, 102 S. W. 2d 526.

We consider each of those cases to be so different in controlling facts as not to offer persuasive authority against the conclusion here reached. No case cited deals with the employment of a drilling contractor by one engaged generally in the business of production of oil and the management of real estate owned and leased for oil production.

Our conclusion here seems well supported by the following authorities cited by the commission: Singer Sewing Machine Co. v. New Jersey Unemployment Compensation Board et al., 128 N. J. L. 611, 27 Atl. 2d 889; Raines v. Unemployment Compensation Commission of New Jersey, 129 N. J. L. 28, 28 Atl. 2d 46, and Strickland v. Natalbany Lumber Co. (La. App.) 200 So. 652.

While the business of drilling oil wells may be engaged in as a separate or exclusive business, as in the case of the drilling companies here referred to, yet it does not appear that the drilling of wells is so separate and apart from a general oil business, such as was engaged in by Dickson, to constitute the drilling of its wells as no part of its usual trade, occupation or business. Various other parts of the business of such an oil company might be engaged in separately, such as the cleaning out of oil wells, or the construction or removal of tankage or the like, but surely they would be nonetheless a part of the trade or business of the oil company holding land and leases for the production of oil and engaged in such production.

At the beginning of this controversy

between Dickson and the commission, the commission made an additional or different contention to the effect that Dickson should include in the count of its own employees certain honorary officers of the corporation who performed no service and received no compensation  That contention was abandoned after our decision in State v. Welch & Brown, 187 Okla. 470, 103 P. 2d 533. The correspondence between the parties and preliminary discussions on that point may have been confusing so as to lead the trial court into the error of rendering judgment here for Dickson, the plaintiff.  At any rate, upon our conclusion above stated, the judgment of the trial court is reversed, and the cause remanded, with directions to render judgment for the defendant.

HURST, V. C. J., and RILEY, OSBORN, BAYLESS, and ARNOLD, JJ., concur. GIBSON, C.J., and DAVISON, J., dissent.

DAVISON, J. (dissenting). I dissent for the reason that the actual drilling was not only not in the ordinary usual business of the Dickson Oil Company, but was work that was never performed by the Dickson Oil Company. The statute was not intended to include employees of contractors who do work for the general benefit of the employers.