### JOHN NEEL v. THE STATE.

*No. 267.   Decided May 26.*

1. **Theft—Bailment—Hiring—Gratuitous Loan.**—On a trial for theft of a horse, where the indictment alleged that accused obtained possession of the horse by virtue of a contract of hiring, and the evidence showed that there was an agreement with the owner whereby defendant was to take the animal and use, ride, and make it gentle and safe for the owner's family use, and after gentling it return it to the owner, *Held*, that the agreement between the parties was a contract of hiring, and not a gratuitous loan.

2. **Continuance—Practice on Appeal.**—On appeal, if it appear from an application for continuance, when viewed in the light of the other testimony, that it is not probable that the absent witness would have sworn to the facts stated in said application, or that if he had his testimony would not have probably been true, this court will hold that the continuance was properly refused.

3. **Charge.**—The charge should be tested as a whole.

APPEAL from the District Court of Guadalupe.   Tried below before Hon. JOHN IRELAND, Special Judge.

This appeal is from a conviction for theft of a horse, the property of one J. H. D. Berry, the punishment being assessed at five years' imprisonment in the penitentiary.

The opinion sufficiently states the case.

No briefs have come to the hands of the Reporter for either party.

*Neal & Sowell,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for the theft of a horse, the property of one Berry.   There are two counts—one for theft, under article 724; the other under article 742a, Penal Code.   The prosecution relied for conviction upon the provisions of article 727, which reads: "The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft; but if the taking, though originally lawful, was obtained by any false pretext, or with the intent to deprive the owner of the value thereof, and appropriate the property

to the use and benefit of the person taking, and the same is so appro-priated, the offense of theft is complete." Appellant resorted to no false pretext or device to obtain the horse. There is not the slightest circumstance in the record tending to show that appellant, when he obtained possession of the horse, intended to deprive the owner of the value thereof. The first count is not sustained, because appellant obtained possession of the horse with the consent of the owner, without false pretext or device, and without intending to deprive the owner of its value.

Second count: Did appellant have possession of the horse by virtue of a contract of hiring, as charged in this count? The facts, as stated by the owner, are: Defendant wanted a horse to ride. "I told him I had a bay mare that was not gentle, but wanted to get some one to gentle her so my family could ride her. He (defendant) said, if I would let him use her, he would take her and make her gentle for my family. I agreed with him, and turned the mare over to him on condition and in consideration that he would take her and use her, and gentle her so my family could use her; and he was to return her to me when he got her safe for my family's use." Was this a contract of hiring, or was it merely a borrowing of the animal by defendant? Contracts of hiring are divided by Sir William Jones into two kinds: first, where the hirer gains a temporary use of the thing; and second, where something is to be done to the thing delivered. He gives another bailment as comodatum—or loan for use without pay. This is borrowing, which is always a mere gratuitous loan. Blackstone gives the distinction between hiring and borrowing thus: "Hiring and borrowing are also contracts by which a qualified property may be transferred to the hirer or borrower, in which there is only this difference: that hiring is always for a price, a stipend, or additional recompense; borrowing is merely gratuitous." 2 Blacks. Comm., 453. By other writers bailments are divided into three classes: first, where the contract is for the benefit of the bailor; second, where it is for the benefit of the bailee; and third, where it is for the benefit of both parties. We are of opinion that the agreement between the parties was a contract of hiring, and not a mere gratuitous loan. The recompense to the owner was the services to be rendered by appellant in rendering the mare gentle and fit for the purposes desired by the owner. The contract was for the benefit of both. In the case of Chamberlin v. Cobb, 32 Iowa, 161, it was held that where the plaintiff, having a horse for which he had no use, to avoid the expense of keeping, requested defendant to take it and do his work with it, in consideration of the feed and keeping, it was not a mere comodatum, or gratuitous loan, but a contract for the mutual benefit of both.

There was no error in refusing to continue the case. When appellant sold the horse to Appling he stated that he "got the horse from

a man named Moore." If appellant had used diligence to obtain the absent witness, it is not at all probable that the witness would have sworn to the facts stated in the application; and, if he had, there is no probability of their truth.

The error in the charge with regard to the punishment was corrected in another part thereof. The charge should be tested as a whole.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.