CARTER–MULLALY TRANSFER CO. v. ANGELL. (No. 5559.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 22, 1915.)

1. CARRIERS ☞408 — CARRIAGE OF PASSENGERS—LOSS OF BAGGAGE—PETITION.

A petition, seeking recovery against a carrier for the loss of a valise, averred that it contained enumerated articles of a reasonable value stated, which were for the necessary comfort, convenience, and adornment of plaintiff and other members of her family who were traveling with her, and so were proper articles of baggage, is sufficient without averring evidentiary facts which would show the articles were proper articles of baggage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1557–1571; Dec. Dig. ☞408.]

2. CARRIERS ☞408—LOSS OF BAGGAGE—ACTIONS—EVIDENCE—"HIRE"—"BORROW."

In an action against a transfer company for the loss of a valise from one of its carriages in which plaintiff and her family made their way to take a train, testimony that plaintiff hired the vehicle is sufficient to show payment of consideration for the use of same; the word to "hire" meaning to engage in service for a stipulated reward in contradistinction to "borrow," which implies a gratuitous use.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1557–1571; Dec. Dig. ☞408.

For other definitions, see Words and Phrases, First and Second Series, Borrow; Hire.]

Error from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by Mrs. Florence R. Angell against the Carter-Mullaly Transfer Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Arnold, Cozby & Peyton, of San Antonio, for plaintiff in error. M. S. Hallam, of San Antonio, for defendant in error.

CARL, J. The defendant in error sued Carter-Mullaly Transfer Company for the loss of a valise containing various articles which were alleged constituted and were proper articles of baggage. The petition

charged that defendant in error ordered a closed carriage from plaintiff in error for the purpose of transporting herself and family from her home to the Southern Pacific depot, where they were to take passage on the trip they intended making; that plaintiff in error was a common carrier, and when the carriage arrived the valise was delivered to the agent of plaintiff in error, who took same into his exclusive care and custody by placing it up on the front with the driver, and, when they arrived at the depot, the valise was gone. The driver said he had lost it, but would go back and see if he could find it. The valise was never found.

"It is admitted that the testimony of the plaintiff, as to the value of the lost articles, was sufficient to support the judgment rendered, in so far as the amount of the judgment was concerned, and that her testimony was sufficient to show that said lost articles were proper articles of baggage on said occasion."

[1] But there are several assignments to the effect that the petition was insufficient because it did not show facts which would constitute the articles baggage in law, such allegations being merely the conclusion of the pleader. The fifth paragraph of the petition is as follows:

"(5) That the said valise contained the following articles, which were and are of the reasonable values stated, respectively, which articles were necessary for the comfort, convenience, and adornment of plaintiff and the other members of her family, and were proper articles of baggage for their use on the trip which they were then taking, to wit. * * *"

And then follows a list of the articles contained in the valise. This petition directly and plainly charges that the articles named were proper articles of baggage on such a trip as they were taking and were necessary for the comfort, convenience, and adornment of plaintiff and the other members of her family. It placed before the defendant everything it was necessary for it to know in order that its defense might be made. If any article mentioned was not a proper item of baggage, the defendant had every opportunity to show that it was not. Good pleading does not require that the evidence be set out, but only those things which it is necessary to establish by evidence. The first six assignments are overruled, since they all deal with the matters above discussed.

[2] The seventh assignment complains that the court erred in rendering judgment, on the testimony, because it does not show that the relation of carrier and passenger existed. The reason given is that it does not show that any consideration was paid or agreed to be paid for the service performed by the transfer company, and that since that was true no liability would arise, because no willful negligence was alleged or proved. It was admitted that the transfer company is a common carrier, and the plaintiff testified that she "hired the hack" for this trip.

"To hire is to engage in service for a stipulated reward; as to hire a servant for a year, or laborers by the day or month; to engage a man to temporary service for wages." McCluskey v. Cromwell, 11 N. Y. 593.

This case holds that "hiring" implies a request and a contract for compensation, and has but this one meaning when used in the ordinary affairs and business of life. "Borrowing" is a gratuitous use; while "hiring" is always for a price or a stipend. Neel v. State, 33 Tex. Cr. R. 408, 26 S. W. 726, citing Blackstone's Com. p. 453. So we are not called upon to assume that the transfer company entered into a gratuitous service for defendant in error, for she says she "hired" the service, and that means that the company either received its reward or the promise of the same, and either one would be sufficient. It may be that the company objects to being "hired," but that is what plaintiff below says she did, and it was not denied. Therefore we must hold that by hiring the company the plaintiff agreed to pay a stipend.

The judgment is affirmed.

