STATE ex rel. MURPHY, Com'r of Labor, v. WELCH & BROWN.

No. 29543. May 21, 1940.

Rehearing Denied June 11, 1940.

Application for Leave to File Second Petition for Rehearing Denied June 25, 1940.

*103 P. 2d 533.*

Kathryn Van Leuven and Lynne B. Sells, both of Oklahoma City, for plaintiff in error.

Charles Hill Johns and Harold Thweatt, both of Oklahoma City, for defendant in error.

Embry, Johnson, Crowe & Tolbert, of Oklahoma City, amicus curiae.

HURST, J. This is an action to recover a pay roll tax from the defendant, Welch & Brown, a corporation, under the Oklahoma Unemployment Compensation Act, ch. 52, S. L. 1936 (amended by art. 2, ch. 52, S. L. 1939, 40 O. S. A. §

229). Judgment was rendered for the defendant, and the plaintiff appeals.

The record discloses that the defendant had in its employment during the years 1936-1938, inclusive, seven individuals, including its president and vice president, who worked in the defendant's store and received weekly salaries, and are rightfully counted as "employees." The state sought to bring the employees to eight, so as to make the defendant an employment unit as defined by the act, by including as an employee the secretary of the corporation, wife of the president, who, it was stipulated, "did no work and was simply an officer in name only and drew no compensation whatsoever."

The sole question, therefore, for decision is whether an officer of a corporation, who receives no remuneration, does no work, and is an officer in name only, is an "employee" under the terms of the act.

We are required to look to the statute for the solution of the problem. The act defines an employment unit as one having in its "employment eight or more individuals." It defines the word "employment" as "service including service in interstate commerce, performed for *remuneration* or under any *contract of hire,* written or oral, express or implied." (Emphasis ours.) It defines the word "remuneration" as "all compensation payable for personal services, including commission and bonuses and the cash value of all compensation, payable in any medium other than cash." The act does not define the term "contract of hire."

It is clear that the secretary was not an employee for *"remuneration"* as that term is defined, since she received no compensation for her services. Was she, then, an employee under a *contract of* hire as that term is used in the statute? We think not. Since the statute does not define the term "contract of hire," we are required to apply section 24, O. S. 1931, 25 O. S. A. § 1, which provides that "words used in any statute are to

be understood in their ordinary sense, except when a contrary intention plainly appears." Webster defines the noun *hire* as "the price, reward, or compensation paid, or contracted to be paid for * * * personal service, or for labor." It is also defined as "the price or compensation for labor and services." 29 C. J. 756. The definition as given by Webster was applied to the Ohio Workmen's Compensation Act, which used the term "contract of hire." Coviello v. Industrial Commission, 129 Ohio St. 589, 196 N. E. 661. See, also, Western Indemnity Co. v. Pillsbury, 172 Cal. 807, 159 P. 721.

In the case of Davie v. J. C. Mandelson Co. (N. H.) 11 Atl. 2d 830, the court construed the Unemployment Compensation Act of New Hampshire which defined "employment" as used in the statute to mean "service including service in interstate commerce, performed for wages or under any contract of hire, written or oral, express or implied," and held that the president of a corporation, who received no wages whatsoever, but performed the ordinary duties of presiding at all meetings of the corporation and signing all certificates of stock issued, was not an employee as intended by the act. It will be observed that the New Hampshire act, defining employment, is verbatim with the Oklahoma act with the single exception that it uses the word "wages" where the Oklahoma statute uses the word "remuneration." The meaning is the same. In fact the Oklahoma act defines "wages" as "remuneration payable by employers for employment."

It follows that the secretary of the defendant was not an employee within the terms of the statute, and since the defendant did not have as many as eight employees, *it is not an employment unit,* and is not liable for the tax.

Affirmed.

RILEY, OSBORN, DAVISON, and DANNER, JJ., concur.