## No. 14,741.

BRANNAMAN AND OTHERS AS THE INDUSTRIAL COMMISSION, ET AL. *v*. RICHLOW MANUFACTURING COMPANY.

(104 P. [2d] 897)

Decided July 1, 1940.   Rehearing denied July 24, 1940.

Mr. BYRON G. ROGERS, Attorney General, Mr. ELMER P. COGBURN, Assistant, for plaintiffs in error.

Mr. FRED S. CALDWELL, Mr. BENJAMIN GRIFFITH, for defendant in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THIS action was brought by the defendant in error, hereinafter called the company, to obtain a refund of unemployment compensation contributions for the years 1937, 1938, and the first half of 1939, paid under protest by it to plaintiffs in error, hereinafter for convenience designated as state officials. The refund was decreed by the district court and the state officials bring the judgment here for review.

The first question presented is whether, in computing the number of persons employed by the company, its non-compensated corporate secretary, whose duties were limited to the performance of the formal functions required by the statutes and the company's bylaws and who performed no other service for it, properly should be included? If such secretary is within the category of employment, the company, concededly having had employed seven other persons during the period involved, is a subject employer within the provisions of section 19 (f) (1) of the Unemployment Compensation Act, chapter 167A 1939 Supplement to 1935 C.S.A., fixing a status of liability where eight or more individuals are in employment.

In this connection the state officials contend that the inclusion of the secretary in the computation is required by the application of the definition of "employment" as found in section 19 (g) (1) of the act and, further, that she must be considered "in employment" because of the expressed intention of the legislature as found in section 19 (f) (7). As defined by section 19 (g) (1) supra: "Employment * * * means service, * * * performed for wages or under any contract of hire, written or oral, express or implied."

Since, admittedly the company's secretary received no wage or other compensation and no proof of an express written or oral contract of hire was even so much as offered, it is certain, as in effect the state officials admit, that if she is to be declared to be "in employment" with the company under the foregoing

definition, it must be upon the basis that the performance of her perfunctory official duties amount to "service," and her election and assumption of the office of secretary brought into being a "contract of hire." In our opinion neither premise is sound, a conclusion which is supported by the following language of the Supreme Court of New Hampshire in *Davie, Commissioner of Labor v. J. C. Mandelson Co.* (N.H.), 11 A. (2d) 830, which, so far as we are informed, is the only pronouncement of an appellate court on this subject: "Per Curiam. The statutory rules for the construction of statutes provide that 'Words and phrases shall be construed according to the common and approved usage of the language,' unless they have acquired a 'peculiar and appropriate meaning in law.' P.L. c. 2, §2. We do not think that the words 'service * * * performed * * * under any contract of hire, written or oral, express or implied,' construed according to 'the common and approved usage of the language' describe the services gratuitously rendered by Mrs. Mandelson to the defendant. The acts performed by her as president of the corporation are of a purely ceremonial or formal nature required only for the maintenance of the corporate organization of the defendant and are in no way connected with the conduct of the business in which it is engaged. It has not been suggested that the words of the statute have acquired any 'peculiar * * * meaning in law.' We therefore hold that she is not a person in the 'employment' of the defendant within the meaning of the statute, and since it appears from the agreed statement of facts that the defendant had in its employ during the period under consideration, only three persons rendering service for wages, it follows that the defendant is not legally bound to pay the contributions which the plaintiff seeks to recover in the present action." The New Hampshire statute instead of requiring the employment of eight, makes four, persons the prerequisite of liability. As appears from reading the quoted excerpt the definition therein considered was

identical with our section 19 (g) (1) supra, and, except for the incident that the officer whose status was in controversy, was the president of the corporation instead of the secretary as here, the facts are essentially similar. Also, we have a legislatively proclaimed rule for the construction of statutes, section 2, paragraph First, chapter 159, '35 C.S.A., analogous to the New Hampshire Act, P.L. c. 2, §2. While we held in *Industrial Commission v. Northwestern Mutual Life Ins. Co.*, 103 Colo. 550, 88 P. (2d) 560, cited in annotations in 121 and 124 A.L.R., at pages 1002 and 682 respectively, that questioned relationships under the Unemployment Compensation Act are to be measured by the statutory definition of "employment" and not by common-law concepts, nothing therein said even inferentially suggests that the words of section 19 (g) (1) supra, import differently than their ordinary meaning. We therefore accept the conclusion expressed in the New Hampshire case, supra, as decisive of the point under consideration.

▇ In announcing this conclusion we are not unmindful that administrative rules adverse thereto have been promulgated in some of the states. The state officials have cited those favorable to its position. Such, as well as those expressing a diverse view, may be found in Prentice-Hall Unemployment Insurance Service. We do not comment upon either group since such rulings are not controlling upon the courts. *Park Floral Co. v. Industrial Commission,* 104 Colo. 350, 91 P. (2d) 492; *Industrial Commission v. Northwestern Mutual Life Ins. Co., supra.*

As has been mentioned, the state officials, secondly, contend that the noncompensated secretary must be treated as an employee because of the provisions of section 19 (f) (7) of our act. That section reads: "(f) Employer means: * * * (7) Any employing unit which becomes an employer subject to the provisions of Title IX of the Social Security Act." The state officials then cite section 1607 (i) Title 26 U.S.C.A., which specifies:

"The term 'employee' includes an officer of the corporation." On the premise that the latter definition of the federal act was incorporated in the Colorado act by section 19 (f) (7) supra, the state officials contend that the Industrial Commission was warranted in "finding * * * the secretary to be 'in employment,' particularly holding such officer to be *an employee* under the federal act and the interpretations of that act by the Internal Revenue Department. All these findings were made pursuant to the the Colorado statute, but, of course, it was necessary in making such findings for the commission to apply provisions of the federal act. Because of our dual governmental system, it goes without argument that state officials must daily apply federal statutes in order to perform their duties." Even if it be assumed that a definition of the federal act can be incorporated in our law by reference, which in reality presents a serious constitutional question, this argument of the state officials still is fallacious.

As has been pointed out our act contains one definition of "employment," §19 (g) (1), supra, while Title IX of the federal law contains an entirely different and distinct definition of the same term. §1607 (c) Title 26 U.S.C.A. We cannot conceive that in adopting section 19 (f) (7) the general assembly contemplated that the fundamental express definitions of the state act, which has an independent basis, either should be restricted or broadened by the federal act. See, *Industrial Commission v. Northwestern Mutual Life Ins. Co., supra.*

As said by the learned trial judge: "If Section 19 (f) (7) of the Colorado law is to be given the interpretation and effect claimed by the State, it must follow, * * * that the definition of employment as found in the Colorado Act is entirely done away with and repealed and the definition of employment as found in the Federal Act substituted therefor. It is impossible to know what an employer is under Title IX of the Federal Act without first knowing what employment is. The Federal Act

has been amended several times. It probably will be changed at each session of Congress in some particular. I do not believe our legislature intended to repeal the provisions of our law defining employment by the adoption of section 19 (f) (7)." Nor do we.

In the light of the provision of section 24, article V of our Constitution, that: "No law shall be revived, or amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended or conferred, shall be re-enacted and published at length," it may be doubted, as has been mentioned, whether section 19 (f) (7), supra, imports anything to our act. See, *People v. Friederich*, 67 Colo. 69, 185 Pac. 657. We infer from the briefs before us that this section may have been adopted to cover the situation of employers having employees both within and without the state of Colorado and to extend the benefits of the act to the latter allegedly without detriment to the former, a subject not involved in this proceeding. In view of this circumstance, and since the disposition we have made of the case does not require it, we make no further comment on the constitutional question suggested.

As an appeal of expediency the state urges the inclusion of the secretary in the enumeration of those employed upon the plea that otherwise seven workers may not participate in the beneficent social purposes of the act. These seven are in no different position than if they or seven others were employed by an individual, instead of a corporate, employer. In either case the statute itself expressly denies participation if short of eight are employed and the extension of its coverage properly must be the subject of legislative, not judicial, action.

The judgment of the trial court allowed the company interest on the refunds decreed. We are convinced that such allowance is precluded by section 14 (c) of the act. The judgment accordingly is modified by the exclusion of the interest allowance.

Other points urged by the state officials are either inferentially disposed of by what has been said or are such that their discussion is unnecessary.

As modified the judgment is affirmed.

MR. JUSTICE OTTO BOCK dissents.