### RICHLOW MFG. CO. v. NICHOLAS, Collector of Internal Revenue.

Civ. No. 220.

District Court, D. Colorado.
April 30, 1941.

Fred S. Caldwell, of Denver, Colo., for plaintiff.

Ivor O. Wingren, Asst. U. S. Atty., of Denver, Colo., for defendant.

SYMES, District Judge.

The plaintiff, a Colorado corporation, sues the defendant, Collector of Internal Revenue for Colorado, for $133.66, with interest from December 6, 1939, duly demanded by the defendant and paid by the plaintiff as an employers' excise tax for the years 1937 and 1938. Thereafter, and on April 25, 1940, in accordance with the provisions of law, plaintiff filed its claims for refund of said employers' excise taxes so paid for 1937 and 1938, which on August 1, 1940, were denied by the Commissioner of Internal Revenue in their entirety.

The sole issue to be resolved is whether Mrs. Low, wife of the president of the plaintiff Richlow Manufacturing Company, who, during the years 1937 and 1938 and part of 1939, was the secretary of the corporation, was therefore, and for that reason an employee of the corporation within the meaning of the Social Security Act of 1935, 42 U.S.C.A. § 301 et seq., which imposes an excise tax on employers of eight or more persons. Without including her, the corporation did not have eight employees for the required period of time during any one of said taxable years of 1937, 1938 and 1939.

The facts are undisputed. The plaintiff company conducted a wholesale business in the manufacture of extracts and fruit flavors for soda fountains, etc., and Mrs. Low during all the time mentioned was an officer, i.e., secretary of the corporation, receiving no compensation for performing the duties of secretary. The only services she performed as secretary were those provided for in the by-laws, § 15, that the secretary shall keep a full record of all meetings, attest the signature of the president to all instruments, countersign all certificates of stock, keep stock books and other corporate records, as required by law or order of the board of directors. Her services are in no way connected with the conduct of the business in which the company is engaged. During the years in question the company had seven compensated employees.

Tit. IX, § 907(a), of the Social Security Act, approved August 14, 1935, defines the term "employer" as: "The term 'employer' does not include any person unless on each of some twenty days during the taxable year, each day being in a different calendar week, the total number of individuals who were in his employ for some portion of the day (whether or not at the same moment of time) was eight or more."

And subdivision (6), § 1101 of the same Act defines an "employee" as follows: "The term 'employee' includes an officer of a corporation."

Sec. 901 provides:

"On and after January 1, 1936, every employer (as defined in section 907 [1107 of this chapter]) shall pay for each calendar year an excise tax, with respect to having individuals in his employ, equal

866

to the following percentages of the total wages (as defined in section 907 [1107 of this chapter]) payable by him (regardless of the time of payment) with respect to employment (as defined in section 907 [1107 of this chapter]) during such calendar year:

\* \* \*

"(2) With respect to employment during the calendar year 1937 the rate shall be 2 per centum;

"(3) With respect to employment after December 31, 1937, the rate shall be 3 per centum."

Tit. IX, § 902, of the Social Security Act provides the taxpayer may take credit against the tax imposed by § 901 for the amount of contributions with respect to employment during the taxable year paid by him before the date of filing his return for the taxable year, into an employment fund under a state law, to the extent of 90% of the tax against which it is credited, and that the credit shall be allowed only where the state plan has been certified by the Social Security Board.

Upon this record as stated, the Unemployment Compensation Department of the State of Colorado held that Mrs. Low, solely upon the ground that she held the office of secretary, was an employee of the corporation within the meaning of the Colorado Unemployment Compensation Act, '35 C.S.A.Colo. c. 167A, § 1 et seq., which has been duly certified by the National Social Security Board, pursuant to § 903 of the Federal Act.

Thereupon the plaintiff brought an action in the state court to obtain a refund of unemployment compensation contributions for the years 1937, 1938 and the first half of 1939, paid by it under protest to the State of Colorado. The refund was ordered by the state District Court and affirmed on appeal by the Supreme Court of Colorado. Brannaman v. Richlow Mfg. Co., 106 Colo. 317, 104 P.2d 897. In the opinion of the Supreme Court the question is stated as follows: "The first question presented is whether, in computing the number of persons employed by the company, its non-compensated corporate secretary, whose duties were limited to the performance of the formal functions required by the statutes and the company's by-laws and who performed no other service for it, properly should be included? If such secretary is within the category of employment, the company, concededly hav-

ing had employed seven other persons during the period involved, is a subject employer within the provisions of section 19 (f) (1) of the Unemployment Compensation Act, chapter 167A, 1939 Supplement to 1935 C.S.A., fixing a status of liability where eight or more individuals are in employment." As the opinion says, admittedly the secretary received no wage or other compensation, and there was no proof of a written or oral contract of hire. The only theory upon which she could be held to be "in employment" with the company must be upon the basis that the performance of her perfunctory official duties amount to "service" and her election and assumption of the office of secretary brought into being (a) "contract of hire." The court then said: "In our opinion neither premise is sound." Citing Davie, Commissioner of Labor v. Mandelson Co., N.H.; 11 A.2d 830.

Sec. 19(f) of the Colorado Act defines the term "employer" and § 19(g) defines "employment," as these terms are used in the Act. "Employment" means service performed for wages, or any contract of hire, written or oral, express or implied. It is apparent that Mrs. Low has not performed any services for wages, or done anything pursuant to any contract of hire, etc.

The defendant relies upon the definition in Tit. IX of the Federal Social Security Act, to the effect the term includes an officer of a corporation (supra). The same Title, § 907, subdivision (6), defines "employment" as follows: (c) "The term 'employment' means any service, of whatever nature, performed within the United States by an employee for his employer, except — \* \* \*." Listing seven exceptions.

■■ If we look to the objects of the Act and the evils sought to be corrected, as set out in the preamble, we find that the purpose and policy of the Colorado act is to afford relief to those, who having been employed in the listed occupations since the enactment of the law, are thrown out of work through no fault of their own. The economic history of the country shows over a long period of years that part time employment is inevitable in many branches of industry, and that legislation is powerless to control industry to the end that the great mass of workers will have steady jobs. The next best thing is to provide for the physical needs of the unemployed who are without sufficient

resources of their own to tide them over these periods of unemployment. This the law accomplishes through a tax upon the employers and employees alike. Can it be said that one who takes and occupies a non-compensatory corporate office can be financially distressed by losing a job such as is here involved. We are therefore forced to the conclusion that people who take jobs of this kind are not within the intent of the Act.

■ The courts may look to the reasons back of an act, such as the evils it is designed to correct, as proper guidance for its interpretation. United States v. Laws, 163 U.S. 258, 16 S.Ct. 998, 41 L.Ed. 151. Applying this Act to the present situation, it is hard to see how an employee of a corporation in the situation of Mrs. Low would incite the solicitude of the legislature to provide, as the Act does, a fund to pay unemployment compensation to her as an employee when the loss of her job would impose no pecuniary loss. How can Mrs. Low be distressed or become a relief case if she has lost no compensation? She is not, in the language of (Howes Brothers Co. v. Massachusetts U. C. Commission, 296 Mass. 275, 5 N.E.2d 720, 725), one upon whom "unemployment inflicts want," and clearly does not need the protection the Act affords.

Since Mrs. Low was not receiving pay or compensation for her so-called services, her financial ability to care for herself and her family cannot be affected by the loss of her position especially where, unlike other beneficiaries, she has made no contribution to the fund.

We are cited to four state cases, to wit, Davie, Commissioner of Labor v. Mandelson Co., supra; State ex rel. Murphy, Commissioner of Labor, v. Welch & Brown, 187 Okl. 470, 103 P.2d 533, and the Colorado case of Brannaman v. Richlow Mfg. Co., supra, holding "honorary" or uncompensated corporate officers are not "employees" within the meaning of the unemployment compensation acts. In another state, Unemployment Compensation Division, etc., v. People's Opinion Printing Co., Sup.Ct. of North Dakota, 295 N. W. 656, it was held that a non-compensated president of a corporation, whose acts are only such as are required for main-taining defendant as a corporation, as distinguished from those necessary for the conduct of its business, is not to be treated as an "employee" of the company for the purpose of determining whether the corporation is liable for contributions under the North Dakota Unemployment Compensation Act.

■ In view of the fact that 90% of the tax is paid to the state—which administers the Act—it seems fitting that interpretations of the Act by the highest courts of the several states should be persuasive in the solution of questions arising under the Federal Act, bearing in mind, of course, the slight differences in phraseology.

The only Federal court to pass on the question at bar is the District Court of Massachusetts. Griswold v. United States, 36 F.Supp. 714, Jan. 17, 1941. The court there held that trustees under a Massachusetts trust, receiving as remuneration not to exceed 6% of the annual gross earnings of the trust, were not employees within the terms of the Act.

■ The underlying question is whether a relation of employment exists between Mrs. Low and the company. It is hard to believe that Congress in defining an "employee" intended to include arbitrarily all and any officers of a corporation. A reasonable construction would seem to be that an officer of a corporation is not necessarily an employee, because he may be an officer and at the same time an employee of the corporation himself. Therefore I do not believe Congress intended to include in its definition of an employee a merely nominal officer receiving no remuneration and performing no services and who cannot be told what services he could perform and how he should perform them. Sec. 1101(6) does not include all officers, but includes *an officer* of the corporation. See Griswold v. United States, supra. And, according to the ruling cited above (Mimeograph No. 4880, Feb. 4, 1939): "An honorary officer of a corporation may not, in any real sense, be regarded as an officer within the contemplation of Section 1101(a) (6) of the Act."

Judgment for the plaintiff against the defendant for $133.66, with interest at 6% from December 6, 1939, and costs.