**STATE et al. v. KENYON, Inc.**

No. 9108.

Court of Civil Appeals of Texas. Austin.

May 14, 1941.

Rehearing Denied June 25, 1941.

196

Gerald C. Mann, Atty. Gen., and Morris Hodges, Asst. Atty. Gen., for appellant.

David M. Stiles, of Cuero, for appellee.

R. E. Underwood, R. C. Johnson, J. B. Dooley, R. A. Wilson, and W. M. Sutton, all of Amarillo, amici curiae.

BLAIR, Justice.

Appellant, State of Texas, sued appellee, Kenyon, Inc., for taxes alleged to be due under the Texas Unemployment Compensation Act. Vernon's Ann.Civ.St. Art. 5221b—1 et seq. The case was tried upon an agreed statement of facts which showed that appellee corporation employed five full time salaried employes, and in addition had three officers, namely, K. F. Wilkinson, president and manager, who was paid a full time salary; David Stiles, vice-president and assistant secretary-treasurer, who acted with the president, and who was compensated as the attorney for appellee corporation; and Mrs. K. F. Wilkinson, who was secretary-treasurer, but was paid no salary. She did not regularly attend the offices of the appellee corporation, but was there on some occasions, and executed some of the social security returns and other papers for the corporation. She was available at all times to fulfill the office of secretary-treasurer, if her services as such officer were needed. She did not receive any remuneration for her services, and there was no specific contract of hire; her only relationship to the corporation being secretary-treasurer thereof.

The trial court held that Mrs. Wilkinson, the secretary-treasurer, was not "in employment" of appellee Kenyon, Inc., under the terms of Art. 5221b—1 et seq., and decreed that the State take nothing by its suit.

The Attorney General contends that under the above agreed statement of facts, Mrs. K. F. Wilkinson, secretary-treasurer of the Kenyon, Inc., was "in employment" of the corporation under the provisions of the Texas Unemployment Compensation Act, the material portions of which read as follows:

Sec. 5(a) of Art. 5221b: "On and after January 1, 1936 contributions shall accrue and become payable by each employer for each calendar year in which he is subject to this Act, with respect to wages payable for employment occurring during such calendar year. * * *"

Sec. 17 of Art. 5221b:

"(f) 'Employer' means

"(1) Any employing unit which for some portion of a day, but not necessarily simultaneously, in each of twenty (20) different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment eight (8) or more individuals (irrespective of whether the same individuals are or were employed in each such day). * * *

"(g) (1) 'Employment' subject to the other provisions of this subsection, means service, including service in interstate commerce, performed for wages or under any contract of hire, written or oral, express or implied. * * *

"(o) 'Wages' means all remuneration payable for personal services, including commissions and bonuses and the cash value of all remuneration payable in any medium other than cash. Gratuities customarily received by an individual in the course of his employment from persons

other than his employing unit shall be treated as wages payable by his employing unit. The reasonable cash value of remuneration payable in any medium other than cash, and the reasonable amount of gratuities, shall be estimated and determined in accordance with rules prescribed by the Commission."

■ We have reached the conclusion that Mrs. Wilkinson was not "in employment" of the corporation, and since the exclusion of her reduces the number of employes to less than eight, appellee is not required to pay the taxes sued for.

■ According to the definition of the term "employment" as used in the Act, it is necessary that the employe or individual who performs services must be paid wages, or must be employed under a contract of hire, which necessarily presupposes remuneration for such services rendered. The term "hire" has always been construed, both in this jurisdiction and others, to refer to payment or receipt of compensation, as distinguished from a gratuitous service or non-remunerative service. Texas Life Ins. Co. v. Roberts, 55 Tex.Civ. App. 217, 119 S.W. 926; Carter-Mullaly Transfer Co. v. Angell, Tex.Civ.App., 181 S.W. 237; Neel v. State, 33 Tex.Cr. 408, 26 S.W. 726; Shannon v. Western Indemnity Co., Tex.Com.App., 257 S.W. 522; American Employers' Ins. Co. v. Williams, 127 Tex. 466, 94 S.W.2d 1147; Cook v. Millers' Indemnity Underwriters, Tex. Com.App., 240 S.W. 535. The courts of Texas have uniformly recognized that remuneration is a necessary element in a contract of hire, in construing our Workmen's Compensation Act, Vernon's Ann. Civ.St. art. 8309, § 1, which defines "employe" to include "every person in the service of another under any contract of hire, expressed or implied, oral or written." Millers' Mutual Casualty Co. v. Hoover, Tex.Com.App., 235 S.W. 863; Maryland Casualty Co. v. Kent, Tex.Civ. App., 271 S.W. 929, affirmed Tex.Com. App., 3 S.W.2d 414; Beeman v. Georgia Casualty Co., Tex.Com.App., 41 S.W.2d 39. See also Coviello v. Industrial Comm. of Ohio, 129 Ohio St. 589, 196 N.E. 661.

The exact question presented here has been decided by the highest courts of three states in the construction of their unemployment compensation statutes, which are either identical or virtually identical with the Texas Act. Davie, Com'r of Labor, v. Mandelson Co., N. H., 11 A.2d 830; Brannaman v. Richlow Mfg. Co., 106 Colo. 317, 104 P.2d 897; and State ex rel. Murphy v. Welch & Brown, 187 Okl. 470, 103 P.2d 533, 534. This last case cites the first two and determines under statutes identical with or similar to ours that an officer of a corporation who receives no wages, salary or remuneration is not included in determining the number of persons "in employment" of a corporation; and from which we quote as follows:

"It is clear that the secretary was not an employee for 'remuneration' as that term is defined since she received no compensation for her services. Was she then, an employee under a contract of hire as that term is used in the statute? We think not. Since the statute does not define the term 'contract of hire', we are required to apply Sec. 24, O.S.1931, 25 Okl.St.Ann. § 1, which provides that 'words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears'. Webster defines the noun *hire* as 'the price, reward, or compensation paid, or contracted to be paid for * * * personal service, or for labor'. It is also defined as 'the price or compensation for labor and services'. 29 C.J. 756. The definition as given by Webster was applied to the Ohio Workmen's Compensation Act, Gen. Code Ohio, § 1465-61, which used the term 'contract of hire'. Coviello v. Industrial Commission, 129 Ohio St. 589, 196 N.E. 661. See also Western Indemnity Co. v. Pillsbury, 172 Cal. 807, 159 P. 721.

"In the case of Davie v. J. C. Mendelson Co., N. H., 11 A.2d 830, the court construed the Unemployment Compensation Act of New Hampshire, Laws 1937, c. 178, § 1, Par. 1, which defined 'employment' as used in the statute, to mean 'service, including service in interstate commerce performed for wages or under any contract of hire, written or oral, expressed or implied', and held that the president of a corporation, who received no wages whatsoever, but performed the ordinary duties of presiding at all meetings of the corporation and signing all certificates of stock issued, was not an employee as intended by the act. It will be observed that the New Hampshire act, defining employment, is verbatim with the Oklahoma act with the single exception that it uses the word 'wages' where the Oklahoma statute uses the word 'remuneration'.

The meaning is the same. In fact the Oklahoma act defines 'wages' as 'remuneration payable by employers for employment'.

"It follows that the secretary of the defendant was not an employee within the terms of the statute, and since the defendant did not have as many as eight employees, it is not an employment unit, and is not liable for the tax."

Another reason also exists why an officer of a corporation who receives no wages, salary, nor remuneration was not intended to be included in determining the number of persons "in employment" of a corporation so as to require such corporation to pay the compensation tax required by our Compensation Act, is the fact that those entitled to receive benefits under the Act must have earned during certain periods wages before such persons are entitled to receive unemployment compensation payments. See Sec. 2 of Art. 5221b, which provides:

"An unemployed individual shall be eligible to receive benefits with respect to any benefit period only if the Commission finds that: * * *

"(d) He has within his base period earned wages from employment by employers equal to not less than eight (8) times his benefit amount."

The base period provided for by Sec. 17 of Art. 5221b is: "(a) (1) 'Base period' means the first four (4) out of the last five (5) completed calendar quarters immediately preceding the first (1st) day of an individual's benefit year."

This shows that the legislature intended that the employe or one "in employment" should earn not less than eight times the amount that he will receive as benefits during a period before he is entitled to receive any benefits. The amount so earned must be "wages" or remuneration under a contract of hire, for the reason that the statute requires the sums earned to have been earned "in employment". See Fuller Brush Co. v. Industrial Comm. of Utah, 104 P.2d 201, 129 A.L.R. 511.

Sec. 9, Art. 5221b, defines the powers and duties of the Unemployment Commission, in part, as follows: "It shall be the duty of the Commission to administer this Act; and it shall have power and authority to adopt, amend, or rescind such rules and regulations, to employ such persons, make such expenditures, require such reports, make such investigations, and take such other action as it deems necessary or suitable to that end."

The Commission attempted to act under the authority conferred by this statute, and promulgated Regulation 16, which reads as follows: "Officers of a corporation (other than directors, see Reg. 15), are employees of the corporation and are counted in determining whether the corporation is subject to the Act, irrespective of whether or not they receive remuneration."

The Attorney General insists that this Regulation 16 so promulgated by the Commission, providing that all officers of a corporation, except directors, shall be regarded as employes whether they receive remuneration or not, controls the issue. This Rule or Regulation is in direct conflict with the Unemployment Compensation Act, and the Commission is not delegated the authority to destroy the Unemployment Compensation statute. The Act does not authorize the Commission to make any rule or regulation inconsistent with it, but, to the contrary, only authorizes the Commission to administer the Act and to make rules and regulations necessary and suitable to that end. It requires no citation of authorities to sustain the proposition that under constitutional law the legislature cannot delegate authority to the Commission to make rules or regulations inconsistent with the Act. The legislature in enacting the Unemployment Compensation statute made the rules and tests applicable to an officer of a corporation the same as applicable to any other employe; that is, if the officer of the corporation received wages or was acting under a contract of hire, he was "in employment" of the corporation, and entitled to be counted as one of the employes. Since the Act defines who are employes, the Commission cannot by a rule make an officer of a corporation an employe, which officer receives no wages nor remuneration for the services rendered. Barnes v. Indian Refining Co., 280 Ky. 811, 134 S.W.2d 620, 622, wherein the Court of Appeals of Kentucky held that: "The Unemployment Compensation Law is a taxing statute. * * * It is for the legislature to define the limits within which the law shall operate and we can not 'liberalize' its operations to one not within its metes and bounds. To do so would be to legislate ourselves."

■ And since the Unemployment Compensation Act is a taxing statute, the settled rule applies that the Act should be construed strictly against the taxing authority. Carpenter v. Bass, Tex.Civ.App., 142 S.W.2d 406; Lally v. State, Tex. Civ.App., 138 S.W.2d 1111.

■ We hold that the purpose and meaning of the Texas Unemployment Compensation Act is that a person shall receive some remuneration, wages, or salary for services performed by such individual before he shall be considered as performing services under a "contract of hire", either expressed or implied, and therefore "in employment", and that before an officer of a corporation can be considered as performing services under a "contract of hire" and therefore "in employment" it is necessary that such officer receive wages or remuneration for services as such officer. We further hold that Regulation 16 of the Unemployment Compensation Commission, which seeks or attempts to make an officer of a corporation who receives no remuneration an employe and necessary to be counted in determining whether or not the corporation is an "employer" as that term is used in the Act, is void and unenforcible.

The judgment of the trial court will be affirmed.

Affirmed.