ELGIN *et al. v.* BRYANT, COMMISSIONER.

(*Nashville*, December Term, 1943.)

Opinion filed June 10, 1944.

318

 

EGERTON & McAFEE, of Knoxville, for complainant-appellee.

A. G. EWING and W. L. MOORE, both of Nashville, for defendant-appellant.

MR. JUSTICE NEIL delivered the opinion of the Court.

This cause is before the Court on appeal by defendant from a decree of the Chancery Court of Davidson County in which complainant recovered unemployment compensation that had been paid under protest. The cause was disposed of in the Court below on stipulation. It appears from the stipulation that at the time the unemployment compensation assessments were made, and paid under protest, Mrs. Nancy Y. Elgin was the sole owner of all the stock in the "Elgin Drug Store, Inc." She acted as secretary of the board of directors without compensation, her principal duty being to write the minutes of each meeting. She performed no duties in and about the drug store. Her husband was president of the corporation and was an active employee in the drug store. The defendant, the Commissioner of Labor, made the assessments, amounting to $230.10, upon the theory that Mrs. Elgin was an employee of the corporation under our Unemployment Compensation statute. It should be stated here that, not counting Mrs. Elgin as an employee, there were only seven persons employed by the corporation. The only error assigned is that the Chancellor was in error in holding that the corporation had only seven employees in its service and hence was not subject to the

provisions of the statute; that Mrs. Elgin was not an employee. The appellant also urges upon us that it was error to allow interest upon the recovery.

The question before us involves the construction of Code, section 6901.19(f) (4), and section 6901.19(g) (1). Section 6901.19(f) (1) provides:

"(f) 'Employer' means:

"(1) Any employing unit which for some portion of a day, but not necessarily simultaneously, in each of twenty different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment, eight or more individuals (irrespective of whether the same individuals are or were employed in each such day)."

Section 6901.19(g) (1), wherein employment is defined, reads as follows:

"(g) (1) Subject to the other provisions of this subsection, 'employment' means service, including service in interstate commerce performed for wages or under any contract of hire, written or oral, express or implied."

Reference is made by defendant to Code, section 6901.-19(m), wherein "wages" is defined; also to a regulation by the Commissioner, the statute permitting the making of reasonable rules and regulations, which is as follows:

"Items payable but not paid. Items payable but not actually paid constitute wages. Such items shall include (b) a fair and reasonable value of all services performed with respect to employment during the calendar year, if there is no agreement between the employing unit and worker as to the amount of remuneration for such service."

If Mrs. Nancy Elgin is an employee of the corporation, her status must be determined by the meaning of the act.

Learned counsel for the appellees has clearly stated the exact question for our determination as follows: "If an uncompensated secretary, performing only nominal duties, and taking no part in the management or operation of the business, and having nothing to do with it except to sign the minutes of stockholders' meetings, is an employee within the meaning of the act, then the corporation has eight employees; if such a secretary is not an employee within the meaning of the act, the corporation has only seven employees and is not subject to the provisions of the act."

When we give to the act a full, fair, and impartial consideration, ever keeping in mind its objects and purposes, we find that it contemplates employment for wages, or the value of services rendered where there has been no agreement as to the amount of wages to be paid.

In the case of *Fuller Brush Co.* v. *Industrial Comm.*, 99 Utah, 97, 104 P. (2d), 201, 129 A. L. R., 511, cited by this Court in *Guaranty Mortgage Co.* v. *Bryant*, 179 Tenn., 579, 168 S. W. (2d), 182, the Court said [99 Utah, 97, 104 P. (2d), 202]:

"We refer to these matters to emphasize that the act only applies to and covers individuals who are in employment for wages."

See also our own case to the same effect, *Texas Co.* v. *Bryant, Com'r*, 178 Tenn., 1, 163 S. W. (2d), 71.

While the question at issue has not been considered by this Court, it has been before appellate courts in other jurisdictions. Among the well considered cases we find the following to be directly in point, in which the holding supports the position of the appellees and against that of appellant:

In *Unemployment Comp. Division* v. *People's Opinion Printing Co.*, 70 N. D., 442, 295 N. W., 656 (1941), it was held that a non-compensated president of a corporation whose acts were only such as were required for maintaining the company as a corporation, as distinguished from those persons necessary to the management and conduct of its business, was not to be treated as an employee for the purpose of determining whether the corporation was liable for contributions under the Unemployment Compensation Act.

In *Davie* v. *J. C. Mandelson Co.*, 90 N. H., 545, 11 A. (2d), 830 (1940), it was held that the words "service . . . performed . . . under any contract of hire, written or oral, expressed or implied" as used in the provision of the New Hampshire Unemployment Compensation Act, Laws 1937, chap. 178, sec. 1, par. I(1), defining "employment" for the purpose of determining its application, did not describe services gratuitously rendered by a woman who was the president of a corporation. The court stated that the acts performed by her as president were purely of a ceremonial or formal nature required only for the maintenance of the corporate organization, and that she was not a person in the "employment" of the company.

In *Brannaman* v. *Richlow Mfg. Co.*, 106 Colo., 317, 104 P. (2d), 897 (1940), it was held that a non-compensated secretary of a corporation need not be treated as an "employee" in computing the number of persons employed for the purpose of a state unemployment compensation act, because of a provision in that act that "employer" means any employing unit which becomes an employer subject to the provisions of the Social Security Act, which act specifies that "the term 'employe' includes an officer of a corporation" where the state act

itself contained a definition of "employment." 26 U. S. C. A., Int. Rev. Code, sec. 1607 (i). The Court stated that the definition in the state act was entirely different and distinct from the definition of the same term in the Federal Act, and that the legislation contemplated that the definitions of the state act should be either restricted or broadened by the Federal Act.

In *State ex rel. Murphy* v. *Welch & Brown*, 187 Okl., 470, 103 P. (2d), 533 (1940), it was held that a secretary of a corporation who did not work, received no wages or salary, and in fact was an officer thereof only in name, should not be included as one of eight employees necessary to make the Unemployment Compensation Act applicable, since such secretary did not perform services "for remuneration or under any contract of hire, written or oral, express or implied" as required by the act. Laws 1939, chap. 52, art. 2, sec. 10, 40 Okl. St. Ann., sec. 229.

■ The only case cited in support of the appellant's contention that Mrs. Elgin was an employee is *Deecy Products Co.* v. *Welch* (1 Cir.), 124 F. (2d), 592, 139 A. L. R., 916, in which the Court dealt with the question of employment under the Social Security Act. In that case it was held, and we quote from the syllabus:

"An employee within the meaning of the Social Security Act is one who meets the tests of the more or less established concept of legal relationship of employer and employee, and one who does not meet those tests is not an 'employee' within the meaning of the act, even though he may bear the title of corporate officer."

To so much of the holding of the Court we give our assent. However, when we apply the "established concept of legal relationship of employer and employee" to the facts of the instant case, we are not justified in holding that Mrs. Elgin was an employee within the meaning of

our statute. She was a mere figurehead as secretary of the corporation; she was paid nothing and had nothing whatever to do with the business. Whereas, in this Federal Court case the alleged employee, Grafton L. Wilson, was the statutory clerk of the corporation, in which position he kept the minutes for only a few minutes during the year 1936 and made no charge for such services. The Court further found that such services "were incidental to his work as attorney for the corporation, in which capacity he received compensation." He was held to be an employee of the corporation.

The assignments of error must be overruled.

■ It appears from the record that the appellant, the Commissioner, originally made contention that the corporation was liable for the payment of $22.50 tax upon the theory that it was the "employing unit," and that Mrs. Elgin, being the sole owner, was conducting a private kindergarten school in which a teacher was employed, thereby rendering the "employing unit" liable under the act. The foregoing amount was paid under protest and the Chancellor allowed the appellee to recover this amount in addition to the $230.10, which latter amount was paid upon appellant's contention that Mrs. Elgin was an employee of the Elgin Drug Company, Inc., in addition to the seven others who were admittedly employees. While the appellant has abandoned any claim to the smaller item, it is here assigned as error that the Chancellor should not have allowed interest on the recovery. In fact, it is insisted that it is error to allow an employer to recover interest on any payments under protest. Section 6901.14(d) is cited as controlling authority, and reads as follows:

"Refunds. If not later than one year after the date on which any contributions or interest thereon became

due, an employer who has paid such contributions or interest thereon shall make applications for an adjustment thereof in connection with subsequent contribution payments, or for a refund thereof because such adjustment cannot be made, and the commissioner shall determine that such contributions or interest or any portion thereof was erroneously collected, the commissioner shall allow such employer to make an adjustment thereof without interest, in connection with subsequent contributions payments by him, or if such adjustment cannot be made the commissioner shall refund said amount, without interest, from the fund. For like cause and within the same period, adjustment or refund may be so made on the commissioner's own initiative.''

Responding to this contention, we think that where the unemployment compensation tax is paid under protest, and a settlement is later effected as provided in the foregoing Code section without suit, that the Commissioner is not chargeable with interest. But where the employer is not liable for the tax and is compelled to employ counsel and institute suit to recover the amount paid under protest, it is proper to allow a recovery of interest from the date of payment by the employer.

We find no error in the decree of the Chancellor and the same is affirmed.