John Earl Bobbitt, Spring, Darryl Campbell, Houston, for appellant.

Ray Elvin Speece, Houston, for appellee.

Before BULLOCK, JACK SMITH and COHEN, JJ.

## OPINION

BULLOCK, Justice.

Appellant was convicted by a jury of prostitution, and the court assessed her punishment at seven days incarceration. On appeal she challenges the sufficiency of the evidence to support the verdict.

A vice officer with the Houston Police Department testified that he entered a club and was shown to a table by a female employee, who sat with him at his table. After he bought her a drink, they moved to a booth in the back of the club. He bought her several more drinks which were served by appellant, who was a waitress at the club. According to the officer's testimony, both appellant and the other female employee offered to engage in sexual intercourse with him in the booth if he would buy each of them a fifty dollar bottle of champagne. The officer told them he needed to cash a check and left the club, returning in a few moments with uniformed officers to arrest both women.

**Tammie PYON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01-82-0406-CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 29, 1983.

**160**

Appellant argues that her words did not amount to solicitation for hire, because the evidence did not show that she would have received any commission on the sale of the bottle of wine. The officer testified that he did not know if waitresses at the club received a commission on bottles sold.

According to the provisions of Tex.Penal Code Ann. § 43.02(a)(2) (Vernon Supp. 1982–1983):

A person commits an offense if he knowingly ... solicits another in a public place to engage with him in sexual conduct for hire.

This is true whether the accused offers to hire another or asks the other person to hire him. Tex.Penal Code Ann. § 43.02(b) (Vernon Supp.1982–1983).

The statute does not define "for hire," and we must give the words their ordinary meaning. Tex.Rev.Civ.Stat.Ann. art. 10 (Vernon 1969); *see Campos v. State,* 623 S.W.2d 657 (Tex.Cr.App.1981). "Hire" is defined in Black's Law Dictionary 863 (4th ed. 1951) as "compensation for the use of a thing, or for labor or services." Black's definition of "compensation" includes "giving an equivalent or substitute of equal value; ... consideration or price of a privilege purchased; ... giving back an equivalent in either money which is but the measure of value, or in actual value otherwise conferred; recompense in value; ... that return which is given for something else." Therefore, the term "hire" need not involve money, but may involve some other recompense or benefit to the person providing the service. *Neel v. State,* 33 Tex.Cr.R. 408, 26 S.W. 726 (1894).

Appellant argues that the evidence does not support a finding that she would have received any benefit from the officer's purchase of a bottle of champagne. The officer testified, however, that appellant asked him to "buy *her*" a bottle. The jury was entitled to find that appellant was bartering sex for champagne, and was therefore soliciting sexual conduct for hire.

Appellant's ground of error is overruled, and the judgment of the trial court is affirmed.

Publish. Tex.R.Crim.Pro. 207(c).