Hillsborough, } No. 3126.
March 5, 1940. }

JOHN S. B. DAVIE, *Commissioner of Labor*

*v.*

J. C. MANDELSON CO.

*Thomas P. Cheney*, Attorney-General, *Frank R. Kenison*, Assistant Attorney-General, and *Walter A. Calderwood* (*Mr. Calderwood* orally), for the plaintiff.

*John R. Spring*, for the defendant.

*Per Curiam.* The statutory rules for the construction of statutes provide that "Words and phrases shall be construed according to the common and approved usage of the language," unless they have acquired a "peculiar and appropriate meaning in law." P. L. *c.* 2, *s.* 2. We do not think that the words "service . . . performed . . . under any contract of hire, written or oral, expressed or implied," construed according to "the common and approved usage of the language" describe the services gratuitously rendered by Mrs. Mandelson to the defendant. The acts performed by her as president of the corporation are of a purely ceremonial or formal nature required only for the maintenance of the corporate organization of the defendant and are in no way connected with the conduct of the business in which it is engaged. It has not been suggested that the words of the statute have acquired any "peculiar . . . meaning in law." We therefore hold that she is not a person in the "employment" of the defendant within the meaning of the statute, and since it appears from the agreed statement of facts that the defendant had in its employ during the period under consideration, only three persons

rendering service for wages, it follows that the defendant is not legally bound to pay the contributions which the plaintiff seeks to recover in the present action.

In reaching this conclusion we have not ignored the rulings of administrative officers and boards in other jurisdictions, which have been called to our attention by counsel for the plaintiff, and which seem to lay down the rule that officers of a corporation, serving without pay, are in its "employment", performing services "under any contract of hire." It is sufficient to say that all administrative rulings which have been called to our attention, as reported in the Prentice-Hall Unemployment Insurance Service, have been examined. They are by no means unanimous and no reasons have been discovered therein which would justify us in assigning to the language of the statute an unusual meaning which, so far as we are informed, has never received judicial approval.

*Judgment for the defendant.*