MILLER AUTO GEAR AND PARTS CO., INC., PROSECUTOR, v. UNEMPLOYMENT COMPENSATION COMMISSION OF NEW JERSEY, RESPONDENT.

Argued May 2, 1944—Decided July 14, 1944.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Gross & Gross (Benjamin Gross).*

For the respondent, *Herman D. Ringle* and *Charles A. Malloy.*

The opinion of the court was delivered by

CASE, J.  We have before us for review a determination of the Unemployment Compensation Commission that the prosecutor, Miller Auto Gear and Parts Co., Inc., is an employer subject to the provisions of the Unemployment Compensation Law, *R. S.* 43:21–1, *et seq.*  The determina-

tion stands or falls upon whether or not Barney Miller, the owner of one third of the capital stock and the vice-president and treasurer of the corporation, was employed by the corporation. If he was employed, the corporation had eight persons in employment and the statute, *R. S.* 43:21–19 (h) (1), applied; otherwise not.

The facts are not in dispute. Miller was the vice-president and treasurer of the corporation. The only function that he performed on behalf of the corporation was to sign checks and notes which were countersigned by one of the other officers. Miller had an independent business of his own—a fish business—which he personally conducted at a different location in the City of Bayonne. He rarely visited the place of business of the corporation. On almost all occasions when checks were to be signed they were taken by a messenger to Miller's place of business and signed there. Miller received no remuneration or compensation. He devoted his time exclusively to his own business.

The statutory provision is in *R. S.* 43:21–19 (h) (1):

"'Employer' means: (1) Any employing unit which for some portion of a day, but not necessarily simultaneously, in each of twenty different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment, eight or more individuals (irrespective of whether the same individuals are or were employed in each such day)."

The act does not apply to all employees; only to those who are part of a total of eight or more. There is nothing inherently distinguishing in that number. A man or a woman who has only two or three or six associated employees may be as apt to lose his or her job and to feel the pinch of unemployment as is the employee who is one of eight or more, but he or she does not come within the statute. Eight is an arbitrary number fixed by the legislature; simply that, and precisely that. It is, therefore, not for those who sit in a judicial capacity, whether within and as a part of the commission, or independently as a part of the court system, to attempt to squeeze the facts of a given case or the written law so that either the benefits or the burdens of unemployment compen-

.sation may be visited upon employees or employer where those actually in employment number less than eight. It is true, as respondent suggests, that the statute is remedial and therefore should be liberally construed as to its purview; but the legisaltive purpose and expression, where they are clear, "should not be whittled down by narrowness of construction." *Henry A. Dreer, Inc.,* v. *Unemployment Compensation Commission,'* 127 *N. J. L.* 149, 152. A variation in the number of employees necessary to invoke the application of the statute is a matter for the legislature solely.

It is clear that the statute regards employment as a wage producing element. The declaration (in section 2) of the public policy upon which the statute is based obviously is directed toward the loss of earnings which a person suffers when he loses his employment, and the benefits set up by the statute (43:21–3) ground in the earnings received by the individual while he was employed. The idea of an employee without some form of compensation is hard to conceive; and it would be impossible to calculate percentage of contribution by either the employer or the employee (43:21–7) without a wage or something in the nature thereof. So we run into serious difficulty both as to benefits and charges with respect to a wageless employee. The inconsistency of respondent's position is apparent when we note that although the commission did, in order to obtain application of the statute, count Miller as an eighth employee it laid its assessments against the corporation on the basis of the wage paid seven employees and would be without a way, under the statute, of paying benefits to Miller if he should lose that which the commission calls his employment. The statute is carefuly framed against evasion, and if compensation should be made to an employee by a concealed channel or under cover of some pretense, doubtless a decision would go to the truth of the matter. But that is not our case. No taint of fraud or deceit is alleged.

Respondent contends that Miller, because he had been elected vice-president and treasurer, rendered his services under a "contract of hire" within the meaning of *R. S.* 43:21–19 (i) (1) which provides that "Employment means service * * * performed for remuneration or under any

contract of hire, written or oral, expressed or implied." The element of price or reward is inherent in the word "hire." A contract of hire, therefore, would be a most unusual undertaking if it did not involve something by way of recompense; and we think that no such unusual use of words was intended by the legislature in this instance.

It is our conclusion that the relation of Miller to the corporation was not that of employment within the meaning of the statute. This leads to the further finding that the corporation had less than eight individuals in employment and therefore did not come within the application of the Unemployment Compensation Law.

Officers serving without pay and performing merely nominal functions are not to be counted as employees. *Milrose Co., Inc.,* v. *Unemployment Compensation Commission,* 126 *N. J. L.* 441; *Davie, Commissioner of Labor* v. *J. C. Mandelson Co.* (*N. H.*), 11 *Atl. Rep.* (*2d*) 830. *Cf. Independent Petroleum Corp.* v. *Fly* (*C. C. A., Fifth Circuit*), 141 *Fed. Rep.* (*2d*) 189.

The judgment below will be reversed, without costs.