MARY BRINKLEY *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Submitted on briefs February 4—decided March 24, 1953

*James F. Rosen,* on the brief for the appellant (plaintiff).

*George C. Conway,* attorney general, and *Harry Silverstone,* assistant attorney general, on the brief for the appellee (defendant).

JENNINGS, J.   The question to be decided is whether the plaintiff was available for work so as to be entitled to benefits under General Statutes,

§ 7507. The finding as corrected by the commissioner may be summarized as follows: The plaintiff is thirty-two-years old and single. She is a hard worker and is more interested in finding employment than in collecting unemployment compensation. She had been working at the Woodbridge Country Club full time during the summer, but from October, 1951, to March, 1952, she was on a part-time basis, as her employment was seasonal. Although she had to work two days a week at the club and be on call for special occasions, she could rearrange her hours there so that she could accept day work.

On these facts the commissioner decided that the plaintiff was available for work and approved all claims for benefits. On appeal to the Superior Court, the motion of the defendant for judgment on the record was granted in the following terms: "For the errors alleged the appeal is sustained and judgment may enter on the record. See [Leclerc v. Administrator, 137 Conn. 438, 78 A.2d 550]." The plaintiff claims that this judgment is erroneous.

The memorandum of decision refers to the errors alleged in the defendant's appeal to the Superior Court. There are two. Under the first, the defendant complained that there was no finding that the plaintiff was making reasonable efforts to obtain work. She registered for work with the public employment bureau and is a hard worker, more interested in finding employment than in collecting benefits. She would accept day work and rearrange the hours of her present part-time employment. These facts are sufficient answers to this claim. Under the second alleged error, the defendant's claim is that the commissioner's conclusions were not supported by the facts found.

In *Leclerc* v. *Administrator,* supra, a conclusion of the commissioner that the plaintiff was not available for work was sustained. In that case the plaintiff had stipulated that, for domestic reasons, she could work only between 3:30 p. m. and midnight. The case at bar is distinguishable. In the first place, the commissioner, the trier of the fact, was overruled. In the second, the reasons which limited the plaintiff's availability for work in the *Leclerc* case were purely personal. In the instant case, the reason the plaintiff had to confine herself to undertaking work which would not interfere with her part-time work at the country club was that, unless she adhered to that course, she would jeopardize the continuance of her employment there when the season reopened in March. Neither the finding nor her testimony is as clear and definite on the question of her availability as is desirable, but the remedial character of this legislation is to be taken into account; *Reger* v. *Administrator,* 132 Conn. 647, 650, 46 A.2d 844; and the power of the court over the commissioner's administrative decisions is very limited. *Lanyon* v. *Administrator,* 139 Conn. 20, 28, 89 A.2d 558. In a determination of the question, all of the circumstances must be considered. *Schettino* v. *Administrator,* 138 Conn. 253, 261, 83 A.2d 217. Applying these principles to the case at bar, we cannot say that the commissioner's conclusion that the plaintiff was available for work was erroneous as a matter of law.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff.

In this opinion the other judges concurred.