31 N.J. Super. 128 (1954)
105 A.2d 860
PARAMUS BATHING BEACH, INC., APPELLANT,
v.
DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 7, 1954.
Decided June 11, 1954.
*130 Before Judges JAYNE, STANTON and HALL.
Mr. Albert H. Kreamer argued the cause for appellant (Messrs. Kreamer & Kreamer, attorneys).
Mr. Herman D. Ringle argued the cause for respondent (Mr. Domenic J. Hart, attorney).
The opinion of the court was delivered by JAYNE, S.J.A.D.
On March 21, 1952 the Director of the Division of Employment Security officially resolved that the present appellant, Paramus Bathing Beach, Inc., a corporation of New Jersey, attained as of January 1, 1946 subject status under the terms and provisions of subsection 19(h) (1) of the Unemployment Compensation Law. R.S. 43:21-19. His determination was thereafter affirmed by the Acting Commissioner of Labor and Industry and the affirmance is now transported to us for review by the present appeal.
Initially, we consult the pertinent subsection of the statute. It reads:
"(h) `Employer' means:
(1) Any employing unit which for some portion of a day, but not necessarily simultaneously, in each of twenty different weeks, whether or not such weeks are or were consecutive, within either the current *131 or the preceding calendar year, has or had in employment four or more individuals (irrespective of whether the same individuals are or were employed in each such day)."
In its full breadth the controversial question is whether the appellant in the existing factual circumstances disclosed by the evidence was an employing unit having in employment in each of 20 different weeks, within either the current or the preceding calendar year of 1945, four or more individuals, within the import of the statute. Our underscoring indicates the elements or subjects of basic consideration.
It is evident that the corporation has continuously during each fiscal year since 1935 paid a salary to its president, vice-president, secretary, and treasurer. We quote the additional factual findings of the Commissioner:
"Subsequent to May 1935 the officers of the corporation received annual salaries which varied in amount according to the income of the corporation. In 1945 the president received $4,000, which took the form of two payments of $2,000 each, made on July 2, 1945, and September 5, 1945. The vice-president also received $4,000, which took the form of two payments of $2,000 each, made on July 2, 1945, and September 5, 1945. The treasurer and the secretary received $200 a month throughout the year 1945. The salaries were not paid to the officers with respect to any particular services rendered by them or with respect to any particular period of the fiscal year of the corporation which ended on September 30, 1945. Social security returns were filed with the Federal Government in January, April, July and October, 1945; other corporate returns and checks were signed in accordance with the decision of the directors.
The principal business of the corporation was the operation of a bathing beach at Paramus, New Jersey. In 1945 one of the officers prepared the beach for use during the week preceding Decoration Day. During the bathing season, which closed on Labor Day, all the officers, as well as other hired employees, did work for the corporation."
The four individuals required in number by the statute are thus identified. The inquiry, therefore, diminishes to whether the four were in employment by the corporation in each of 20 different weeks. In its pragmatical form the question is whether or not the four officers were in consequence of the payment of the respective annual salaries in the continuous *132 employment by the corporation throughout the year 1945.
Had these officers during the remainder of the year, excluding the period between Decoration Day and Labor Day, merely performed nominal official functions for the corporation and served without any remuneration for such acts, they would not be recognized as employees in the employment of the company for the requisite 20 weeks of the year. Miller Auto Gear & Parts Co., Inc., v. Unemployment Compensation Commission, 132 N.J.L. 34, 37 (Sup. Ct. 1944). It is, however, imperative to notice that in the cited case, Miller, the vice-president and treasurer of the corporation, received no remuneration or compensation whatever for his services in those positions and "devoted his time exclusively to his own [personal] business."
The statute defines "employment" to mean service performed for remuneration or under any contract of hire. R.S. 43:21-19(i)(1). The element of wage, price, or reward is inherent in the word "hire." Miller Auto Gear & Parts Co., Inc., v. Unemployment Compensation Commission, supra. In the particular with which we are here concerned, "employment" imports the existence of a relationship intrinsically that of employer and employee with the normally affiliated compensation.
We recognize that a corporation is a separate and independent entity, and that its officers are customarily its agents and servants under whose stimulus and dictation and through whose activities the corporate business is conducted. Cf. Finston v. Unemployment Compensation Commission, 132 N.J.L. 276 (Sup. Ct. 1944), affirmed Naidech v. U.C.C. of New Jersey, 134 N.J.L. 232 (E. & A. 1946). Such an engagement in which the officer actively participates would seem to constitute the rendition of a service for and on behalf of the corporation. The intimation that the relationship of employer and employee cannot exist between a corporation and its officers is unrealistic.
Here the four officers actually received remuneration in the style of salaries not only for discharging the particular *133 functions of their authoritative positions but for their individual services in the actual conduct of the seasonal business enterprise of the company. The salary was not discriminative.
Were they "in employment" in each of at least 20 weeks of the year 1945? In the process of answering that question, we observe that the secretary and treasurer received a monthly salary throughout the year. The salaries of the president and vice-president, although received by them in two equal payments, were indubitably annual salaries. Moreover, the social security returns dispatched to the Federal Government are significantly indicative.
It is an inescapable inference that in consideration of the payment of the salaries and the relationship of the individuals to the corporation, it was the intention that the four should remain in employment during the entire year and thus be available to perform such duties and services in the corporate affairs and in the preservation and furtherance of the seasonal business as the exigencies might require.
A contractual readiness to serve may be employment and service. A yearly contract of employment and "hire" may only require intermittent or seasonal mental and physical activity by the employee, such as those of actors, actresses, baseball players, yacht captains, resort hotel managers, athletic coaches, college professors. The presence of the relationship of employer and employee is not necessarily conditional upon the concurrent and coexistent performance of some actual exertion by the employee. An employer may hire a man to do something who does nothing, or a man may be hired "to stand by" during intervening periods of the year. And then there are holidays, intervals of illness or disability, lack of work, and the like, during which the employment with pay continues.
The applicable subsection of the statute neither states nor implies that the four or more employees shall perform some actual toil, work, labor or services for the employer in each of 20 weeks. An employer comprehended by the statute is defined to be one who "has or had in employment," that is, "under any contract of hire, written or oral, express or implied," *134 four or more individuals "in each of twenty different weeks * * *" of the year.
In the circumstances we too conclude that the appellant attained subject status within the interpretation of the Unemployment Compensation Law and that the decision of the Acting Commissioner should be affirmed.