WILLIAM H. STAPLETON v. ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

BALDWIN, O'SULLIVAN, WYNNE, DALY and ALCORN, Js.

Argued February 2—decided February 23, 1955

*Harry Silverstone,* assistant attorney general, with whom, on the brief, was *John J. Bracken,* attorney general, for the appellant (defendant).

*Daniel Baker,* for the appellee (plaintiff).

O'SULLIVAN, J. This is an appeal by the defendant from a judgment of the Superior Court affirming a decision of a panel of unemployment commissioners in allowing the plaintiff's claim for unemployment compensation.

The panel's finding, as corrected by the court, is not subject to the further additions and deletions sought by the defendant. The finding recites the following facts: From June, 1946, to the time of the hearing before the commissioners, the plaintiff had been the president of a labor union local composed of the production workers of the Armstrong Rubber Company, hereinafter called the company. He had previously been in the employ of the company but had received a leave of absence when he took over his full-time job with the local at the weekly wage of $80. Each year he had been re-elected president of the local. As president, he participated in collective bargaining negotiations with the company, presided at meetings of the local, handled grievances of its members against their employer, assisted in gathering data in connection with claims for workmen's compensation, and in all respects performed the duties usually associated with the business agent of a union.

On December 6, 1950, a labor dispute occurred between the company and its production employees.

As a result, the employees went out and remained on strike until the dispute ended early in May, 1951. On December 8, 1950, the local voted to discontinue payment of the plaintiff's weekly wage, and he thereafter received no pay until he was restored to the union's pay roll immediately after the labor dispute terminated. Nevertheless, he occupied himself until January 20, 1951, exclusively with the affairs of the local and for this reason was not, up to that date, available for work elsewhere. From then on his activities on behalf of the local greatly lessened. He continued to serve on a committee which was attempting to negotiate a contract, and, as a member of an eleven-man executive committee, he did some work in and around the headquarters of the local. Although he performed the work just mentioned, some of which was formerly required of him as president, he did so purely on a voluntary basis.

On January 21, 1951, the plaintiff registered for work with the state employment service and filed a claim for unemployment benefits. From that date he was ready at all times to enter other employment. He reported regularly to the employment service but received no referrals. He was of the opinion that, because of his position as an officer of a union in a plant where production employees were on strike, the only possibility of his getting a job in another factory would be through the state agency and not by his own application to individual factories. For this reason he made no attempt, except in one instance, to find, by personal solicitation, the kind of work for which his experience prior to his becoming president of the local had prepared him. The sole exception was when he asked for employment at a shop which manufactured seat covers. He did, however, make several efforts to obtain with

other unions work which was comparable to that performed by him as president of his own local, and he also tried on occasions to get a job as bartender on a part-time basis. All of these efforts were unsuccessful. On the basis of the facts recited, the court upheld the panel in concluding that the plaintiff was entitled to unemployment compensation.

The defendant maintains that the court erred in supporting the commissioners because eligibility for unemployment compensation requires, among other essentials, that the applicant be (1) unemployed and (2) available for work. The vital contention of the defendant is that the plaintiff met neither of these requirements and that, consequently, he was ineligible for benefits.

Chapter 374 of the General Statutes, embracing §§ 7495 to 7544, inclusive, deals with the subject of unemployment compensation. Section 7500 provides, in part, that "[b]enefits shall be payable only to individuals who are unemployed. . . ." In the section devoted to definitions, there is no definition of the word "unemployment." § 7495. The dictionary says that it is the "[s]tate of being not employed." Webster's New International Dictionary (2d Ed.). The General Assembly has defined "employment" to be "any service . . . performed under any express or implied contract of hire creating the relationship of employer and employee." § 7495 (a) (1).

Reduced to its simplest form, the claim of the defendant is that the plaintiff was not unemployed after January 20, 1951, since he performed services for his employer, the local, under a contract of hire into which he had entered when assuming the office of president. The defendant has overlooked the obvious. There was no contract of hire during the

period for which benefits were sought. To be sure, the plaintiff rendered services for the local after January 20, 1951, but these services were performed voluntarily, that is, gratuitously. The plaintiff was not paid for them nor has the panel found that payment therefor had been postponed in futuro. Chapter 374 does not define a contract of hire but, in situations comparable with that disclosed in the case at bar, the courts have uniformly held such a contract to mean one where the services to be performed by the employee must be compensated for in wages or their equivalent. *Donaldson* v. *Gordon,* 397 Ill. 488, 493, 74 N.E.2d 816; *Miller Auto Gear & Parts Co.* v. *Unemployment Compensation Commission,* 132 N.J.L. 34, 37, 38 A.2d 292; *State ex rel. Murphy* v. *Welch & Brown,* 187 Okla. 470, 472, 103 P.2d 533; *Henry Broderick, Inc.* v. *Riley,* 22 Wash. 2d 760, 774, 157 P.2d 954; see *Davie* v. *J. C. Mandelson Co.,* 90 N.H. 545, 546, 11 A.2d 830. It is impossible to have a contract of hire unless the person denominated the employer has an obligation to pay the person employed. *Drexler* v. *Labay,* 155 Ohio St. 244, 248, 98 N.E.2d 410. Since remuneration has neither been paid nor is payable for the services of the plaintiff, he qualified as an unemployed individual. See § 7501.

The defendant's second contention is that the plaintiff was ineligible for unemployment compensation because, it is claimed, he was not available for work. The statute provides, as one of the essentials of eligibility, that a claimant must be "available for work, provided no person shall be termed available for work unless he has been and is making reasonable efforts to obtain work." § 7507 (2).

The test of availability is subjective. "To be available for work within the meaning of the statute, one must be ready, able and willing to accept suit-

able employment. He must be exposed unequivocally to the labor market. *Reger* v. *Administrator,* 132 Conn. 647, 651, 46 A.2d 844; *Mishaw* v. *Fairfield News,* 12 Conn. Sup. 318, 321." *Leclerc* v. *Administrator,* 137 Conn. 438, 439, 78 A.2d 550. The commissioners found that at all times after January 20, 1951, the plaintiff was ready to enter other employment, and they concluded that he was available for work and had made reasonable efforts to find work.

In an appeal from an unemployment commissioner, the court may go no further than to determine whether he acted unreasonably, arbitrarily or illegally. *Lanyon* v. *Administrator,* 139 Conn. 20, 28, 89 A.2d 558. If his conclusions are reasonably and logically drawn, the court is legally powerless to alter them. *Almada* v. *Administrator,* 137 Conn. 380, 391, 77 A.2d 765; *Conte* v. *Egan,* 135 Conn. 367, 372, 64 A.2d 534. The subordinate facts from which the commissioners drew their conclusion of the plaintiff's availability need not be repeated at this point. Suffice it to say that those facts reasonably and logically support the conclusion in question. The court did not err in affirming the decision of the panel.

There is no error.

In this opinion the other judges concurred.