MARY ANN HOWELL v. ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued January 3—decision released April 4, 1978

*Allan B. Rubenstein,* with whom, on the brief, was *David S. Branch,* for the appellant (plaintiff).

*Donald E. Wasik,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (named defendant).

LONGO, J. This appeal results from the decision of the defendant administrator of the Unemployment Compensation Act denying unemployment benefits to the plaintiff. The trial court's finding of facts, which incorporated the appeals referee's finding, may be summarized as follows: The plaintiff was discharged from employment as a nurse's aide. The administrator denied her claim for unemployment benefits on the grounds that she had been discharged for wilful misconduct and that she was not available for work because of her part-time college student status. After a hearing, the appeals referee reversed the administrator's determination that the plaintiff had been discharged for wilful misconduct. The administrator then requested a second hearing before the referee who affirmed the administrator's

prior determination of her unavailability for work and disqualified her from receiving benefits indefinitely.

At the time of termination of her prior employment, the plaintiff was attending Housatonic Community College on Tuesdays and Thursdays from 11 a.m. to 2 p.m., and at the time of her second hearing before the referee her classes were on Monday, Wednesday and Friday from 9 a.m. to 11 a.m. and on Tuesdays and Thursdays from 9:30 a.m. to 1:15 p.m. The plaintiff testified that she was searching for work, making at least twenty employer contacts per week, and that she would accept full-time work and rearrange her college schedule to comply with full-time employment. From the referee's decision the plaintiff appealed unsuccessfully to the board of review of the employment security appeals division of the state labor department and thence to the Superior Court, where the court concluded that the decision of the appeals referee denying benefits because the plaintiff was not available for work or making reasonable efforts to find work was not illegal, unreasonable or arbitrary, and dismissed the plaintiff's appeal. The plaintiff has appealed to this court from the judgment rendered, claiming that the decision denying her benefits was erroneous as a matter of law and unsupported by the findings of fact.

To be eligibile for benefits, the plaintiff must satisfy the requirements of General Statutes § 31-235 (2). That provision of the unemployment compensation statutes states that an unemployed individual shall be eligible to receive benefits only if it has been found that he or she is physically and mentally able to work and "is available for work

and has been and is making reasonable efforts to obtain work." To be available for work within the meaning of the statute, one must be ready, able and willing to accept suitable employment and must be exposed unequivocally to the labor market. *Dubkowski* v. *Administrator,* 150 Conn. 278, 280, 188 A.2d 658; *Stapleton* v. *Administrator,* 142 Conn. 160, 164–65, 112 A.2d 211; *Reger* v. *Administrator,* 132 Conn. 647, 651, 46 A.2d 844. A claimant who limits his availability for work because of personal reasons unrelated to the employment is not entitled to compensation. *Northup* v. *Administrator,* 148 Conn. 475, 478, 172 A.2d 390; *Leclerc* v. *Administrator,* 137 Conn. 438, 441, 78 A.2d 550.

The plaintiff principally contends that her uncontroverted testimony concerning her efforts to find work and her willingness to rearrange her schedule at college established her right to benefits under § 31-235 (2). We do not agree. The burden of proving facts entitling her to benefits, and which must appear in the finding, was upon the plaintiff. *Northup* v. *Administrator,* supra, 480. Significantly, the referee's finding stated that the claimant "avers" that she searched for work, making at least twenty employer contacts per week, and that she "indicates" that she would accept full-time work and would rearrange her school schedule. The logical inference is that the referee did not accept the plaintiff's statements. A fact is not proven merely because a claimant testifies to it and no one denies it, for it is the province of the referee as trier of fact to determine the credibility of the witnesses and the weight of the evidence. General Statutes § 4-183 (g); Practice Book § 435; *Guevara* v. *Administrator,* 172 Conn. 492, 495, 374 A.2d 1101. Moreover, nothing in the record indicates that the plaintiff *could,* as a fact,

rearrange her schedule in the event she obtained employment, or that in the alternative she would be willing to discontinue her classes. Those were conditions precedent to finding her available for work at the time of the hearing before the referee, as well as at the time she was applying for work from prospective employers.

We do not mean to imply that the plaintiff's status as a part-time college student in itself precludes her from being eligible for unemployment benefits. As we observed in *Wyka* v. *Colt's Patent Fire Arms Mfg. Co.,* 129 Conn. 71, 74, 26 A.2d 465, it would be an extremely short-sighted policy to penalize a claimant for making productive use of her free time. It appears from the record that the referee found the plaintiff ineligible not because she was a student, but because she failed to convince him that she was looking for work and would reschedule her classes if she found work, or that she could in fact change her schedule if she had to. The court is bound by the findings of subordinate facts and the reasonable conclusions of fact made by the referee. If the referee's conclusions are reasonably and logically drawn, the court cannot alter them. *Guevara* v. *Administrator,* supra, 495–96; *Bartlett* v. *Administrator,* 142 Conn. 497, 505, 115 A.2d 671; *Stapleton* v. *Administrator,* supra, 165. While the referee's finding and decision are not as clear and definite on the question of the plaintiff's availability as is desirable; see *Brinkley* v. *Administrator,* 139 Conn. 588, 590, 96 A.2d 315; we cannot say his conclusions are so unreasonable or illogical as to warrant judicial interference.

There is no error.

In this opinion the other judges concurred.