[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANT'S (ADMINISTRATOR) MOTION FOR JUDGMENT (FILE #101)
Plaintiff, Bloomfield Bicycle Repair Shop, Inc. [Bloomfield], has appealed pursuant to General Statutes § 31-249b
a decision of the Employment Security Board of Review ["Board"] reversing the denial of an unemployment compensation claim filed by the plaintiff's former employee, Mr. Kenneth Wills. The defendant administrator has filed this motion for judgment, accompanied by a memorandum of law in support thereof; plaintiff has not filed any response to the motion.
The Board has certified the record of this appeal to the court pursuant to General Statutes § 31-249b. The following CT Page 9597 facts are set forth in the referee's decision dated July 14, 1992. Mr. Wills was employed by Bloomfield as an assistant manager from May, 1991 to September 3, 1991. Bloomfield was aware that he planned to "quit" the job in October, 1991. On the morning of September 1, 1991, Mr. Wills learned that Bloomfield's landlord (and his son) were removing asbestos from the basement of the building which Bloomfield occupied. Mr. Wills and other employees expressed concerns to the manager concerning health risks which the asbestos removal presented and requested immediate assurance that the Health Department had approved the project and the procedures, and, that proper air testing, etc., would be done to ensure a safe working environment; nothing else was said about the matter on that date. On September 3, 1991, Mr. Wills placed a call to the Health Department notifying them of the asbestos removal which had taken place on September 1, 1991. Later, Mr. Wills told the manager that he had called the Health Department, and the manager became quite upset, telling Mr. Wills that his actions would cost the company substantial money, and further, that he (Wills) had failed to follow the proper chain of command. Mr. Wills indicated he would not return to work until they received formal notification from the Health Department that the work environment had been tested and was safe. On September 4, 1991 (and on at least five other occasions) Mr. Wills called the manager to inquire whether he had secured the requested proof of proper testing; the manager indicated that he had not done so. According to the referee's findings, Mr. Wills was consistently reprimanded by the manager about costing the company money, and was told it was his own fault that he was not working. Several weeks after the incident, Mr. Wills went into the office to pick up his paycheck, but the manager said nothing to him. In a letter to the defendant, dated October 14, 1991, the manager contends that he offered Mr. Wills work at another location; Mr. Wills denies ever having been offered work, but recalls that the employer did offer work to the other assistant manager. Mr. Wills did not intend to leave the position with Bloomfield.
On September 20, 1991, it was determined that Mr. Wills was ineligible for unemployment compensation benefits; the reason stated was as follows:
 "You left your job at Bloomfield Bicycle . . . on September 3, 1991 because you believed the job was affecting your health. You offer[ed] no evidence CT Page 9598 to substantiate that the work you did, in fact, caused or aggravated your illness. We therefore conclude that you left suitable work voluntarily and without sufficient cause."[1]
On September 25, 1991, Mr. Wills filed a timely appeal from the aforestated administrative determination.
Following a hearing, the appeals referee, in a decision dated July 14, 1992, reversed the administrative determination and sustained plaintiff's appeal. The referee found that Mr. Wills testified credibly, at the hearing, that he had no intention of quitting his job on September 3, 1991 and that he wanted to return to work as soon as the employer provided proof the premises had been tested and were safe for employees to return; further, that the manager had ignored plaintiff's phone calls and had never asked him to return to work. The referee observed that no representative of Bloomfield appeared at the hearing to offer testimony regarding the matter. The referee, therefore, found that Mr. Wills' separation from his employment was a discharge. The referee found that because no representative of Bloomfield attended the hearing, no evidence was before her establishing that Mr. Wills was discharged for repeated, wilful misconduct in the course of his employment. Accordingly, the referee reversed the prior determination of ineligibility, sustained Wills' appeal, and awarded unemployment compensation benefits. Bloomfield appealed the referee's decision to the Board on August 3, 1992. On March 23, 1994, the Board affirmed the decision and dismissed Bloomfield's appeal. The Board found that the referee's findings of fact were supported by the record and that her legal conclusions were reasonable; it, therefore, adopted the referee's findings and decision as its own. The Board also noted that no representative of Bloomfield had appeared before the referee, and therefore, Bloomfield was deemed to have consented to a determination of the appeal by the referee solely on the basis of the documentary evidence in the record, as well as the testimony and evidence submitted by Mr. Wills at the hearing.
Bloomfield filed a timely appeal of the Board's decision to the Superior Court (received by the Board on March 30, 1994). In its appeal, Bloomfield contends that its correspondence with defendant, and the documentary evidence which it submitted by mail, establish that Mr. Wills was CT Page 9599 neither fired nor discharged, but instead, simply chose to leave his employment.
Where an appeal brought pursuant to General Statutes Section 31-249b pertains to findings of fact, the court is limited to a review of the record:
 ". . . the Superior court does not retry the facts hear evidence but rather sits as an appellate court to review only the record certified and filed by the board of review . . . the court `is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here the board of review adopted the findings and affirmed the decision of the referee' . . . Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the board of review has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion.
 Burnham v. Administrator, 184 Conn. 317, 321-22 (1981).
Where the issue is one of law, the court is to determine whether the administrative action resulted from an incorrect application of the law to the facts as found, or could not reasonably or logically have followed from such facts. UnitedParcel Service, Inc. v. Administrator, 209 Conn. 381, 385
(1988). And, while the court may not substitute its own conclusions for those of the agency, it "retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal, or an abuse of discretion." Id. at p. 385-86.
General Statutes Section 31-236 (a)(2)(A) provides, in pertinent part:
 An individual shall be ineligible for benefits . . . if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work . . . provided . . no individual shall be ineligible for benefits if he leaves suitable work (i) for sufficient cause connected with his work, including CT Page 9600 leaving as a result of changes in conditions created by his employer . . . .
General Statutes 31-236(a)(2)(B) provides in pertinent part:
 An individual shall be ineligible for benefits . . . if, in the opinion of the administrator, he has been discharged . . for . . . repeated wilful misconduct in the course of his employment [or for] just cause . . .
Section 31-236-17 of the Regulations of Connecticut State Agencies provides, in relevant part:
 "(a) An individual shall be ineligible for benefits . . . if the Administrator finds that he has left suitable work voluntarily and without sufficient cause connected with his work. (b) No individual shall be ineligible for benefits as a result of a voluntary leaving of work . . . (1) where he leaves suitable work for sufficient cause connected with his work, including leaving as a result of changes in conditions created by his employer."
In the present case, the employer did not attend the hearing and the referee was entitled to rely upon just the written documentation submitted by Bloomfield and evidence or testimony presented by Mr. Wills. "[I]t is the province of the referee as trier of fact to determine the credibility of the witnesses' and the weight of the evidence." Howell v.Administrator, 174 Conn. 529, 532, 391 A.2d 165 (1978). There is no evidence in the record that the referee did not consider the written documentation submitted by Bloomfield; it is the court's view that the record supports the findings of the Board, and the referee, that Mr. Wills was discharged by Bloomfield since he never intended to quit his job on September 3, 1991, but wished to return to work as soon as he knew the premises were entirely safe. The referee, if he chose to do so, could believe Mr. Wills' testimony regarding the circumstances of his separation rather than the written documentation submitted by Bloomfield. Additionally, the record supports the referee's finding that the employer presented no evidence that Mr. Wills was discharged for repeated wilful misconduct or just cause pursuant to General Statutes § 31-236(a)(2)(B). Based on all of the aforestated, CT Page 9601 the court finds that the Board's decision was not illegal, arbitrary or unreasonable, and is supported by the evidence contained in the administrative record.
Defendant's motion for judgment is hereby Granted, andjudgment may, and hereby is, entered dismissing plaintiff's appeal.
Mulcahy, J.