[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff employer appeals from the decision of the Employment Security Appeals Division Board of Review. The Board affirmed the decision of the Referee, which affirmed the decision of the Administrator, who ruled that the claimant was eligible for unemployment benefits. CT Page 535
The Appeals Referee conducted a hearing de novo at which time he heard evidence from all interested parties. The employee, Mr. Smith, pro se, testified, as did Mr. Russell Koch, General Manager of the employer Technical Coatings Laboratory, Inc. The employer has taken and takes the position that the employee's termination was due to wilful misconduct on the part of the employee. The Board of Review determined that the conclusion reached by the Referee is supported by the finding of facts recited in the Referee's decision, and that these findings are supported by the record.
The governing statute concerning this appeal is General Statutes § 31(a)(2)B which provides that the individual shall be ineligible for benefits if it is found that he was discharged or suspended for "repeated wilful misconduct in the course of his employment, just cause, or. . . ."
The Board of Review correctly determined, in its decision, that repeated wilful misconduct will exist only if there is a final act of misconduct, and a sufficiently similar past pattern of negligent acts. The specific rule of law, as determined by the Supreme Court is as follows:
 . . . as we interpret the statute it requires both some final incident of misconduct and a past pattern of wilful misconduct."
United Parcel Service v. Administrator, 209 Conn. 384, 389
(1988).
The incident in question arose out of the employee being in his automobile, outside of the employer's building, in its parking lot, at a particular time. The employer claims that the employee was sleeping at the time. The employee claims and testifies that he was not sleeping.
The referee heard the testimony of the owner of the business — through hearsay — through Mr. Koch, that the owner saw "Stanford Smith get up from laying down." From that evidence the employer proffers that the Referee should conclude that the employee was sleeping.
From the evidence there is no question but that the employee is entitled to a fifteen minute break. There is no CT Page 536 set time for the employee to take the break. There is no employer's rule that the employee cannot leave the building during the break. There is no rule that the employee cannot go to or be in his auto during the break. There is no rule that the employee cannot rest in a prone position during the break. There is no rule that the employee cannot nap during the break.
There is no evidence to conclude that the employee was not on a legitimate break. There is no evidence to conclude that the employee exceeded the time limit of his fifteen minute break. The employee testified that when the employer drove into the lot the employee was in the vehicle "less than a minute, which is sixty seconds." Although the employer suggests that the Referee should have made some later accommodation so that the owner Mr. Karp could have testified; in person, it is not proffered as to what he could have testified to so as to alter the Referee's conclusion that the employee was properly on an authorized break when he was seen in the car in the parking lot.
It should be obvious that an employee's break time is his own personal time. If the employer wants to restrict the activity or the mobility of the employee day break time, rules should be set and made clear to the employees. There is no showing in the case that the employee did in any fashion abuse his break time, violated any employer rules, or did anything to the detriment of the employer. Although the employer may have been dissatisfied with the employee from time to time over the five years of his employment, and though he may discharge the employee without cause as an employee at will, the employer cannot deny to him unemployment benefits unless the statute so authorizes such denial.
The board's decision must stand if it results from a correct application of law to the finding of fact and could reasonably follow from those findings. Finkenstein v.Administrator, 192 Conn. 104, 112 (1984). It is solely the function of the referee to weigh the evidence and assess the credibility of the evidence. See Howell v. Administrator,174 Conn. 529, 532 (1978).
For the reasons set forth herein the appeal is dismissed.
L. Paul Sullivan, J. CT Page 537