[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S APPEAL
CT Page 2721
In this case a statutory appeal was brought by the claimant, Mr. Cooper, from a denial of unemployment compensation benefits. Initially the administrator determined Mr. Cooper was eligible for such benefits and benefits were paid to the claimant when the decision was issued. The employer then filed an appeal to a referee pursuant to statute who conducted a de novo hearing, made findings and reversed the administrator's decision that had made a finding of eligibility. The decision became final pursuant to statute on July 14, 1997. The claimant plaintiff filed an untimely appeal on March 16, 1998 to the Board of Review, some eight months after the referee's decision. The appeal was dismissed for lack of jurisdiction on April 3, 1998; the Board found that the plaintiff did not have good cause within the meaning of § 31-248(a)(1) for filing a late appeal. An appeal of this decision was filed to Superior Court on April 30, 1998 and the plaintiff filed his brief in June of 1998.
The court has read the plaintiff's brief and it makes a rather sympathetic argument that he should not have to repay benefits he received because the Employment Security Division failed to give him notice that the employer had appealed the decision of an examiner that he was eligible for compensation.
The brief filed by the plaintiff does not address the property of the Board's decision finding there was no good cause shown by him for filing the late appeal. Rather he argues that he was not informed in a timely manner of the employer's second protest of his receipt of benefits. He continued to receive benefits until he got his first retirement check. All of this is related to his basic grievance that he should not be required to repay benefits that were sent to him through bureaucratic inefficiency. In other words, he has accumulated a large debt which creates real difficulties for him. The plaintiff's argument is quite sympathetic but the problem is that it does not properly join issue with the validity of the Board's decision which is the subject of this appeal. As the defendant points out, there exists a whole statutory and regulatory scheme allowing someone in the plaintiff's position the right to contest the obligation to repay for overpayments and to litigate the terms or conditions of overpayment.
But even assuming the foregoing does not, standing alone, justify rejecting the plaintiff's appeal to this court, the CT Page 2722 Board's decision is supported by subordinate facts and its conclusions from those facts are reasonable. The Board noted that the referee's decision explicitly told the plaintiff he was not entitled to the benefits he had received and that "the Administrator, by separate determination, will inform the claimant of the amount of this overpayment and the options for repaying it (including the possibility of a waiver of the overpayment)." This conclusion alone is an implicit rejection of the plaintiff's statement in his appeal to the Board that he was told he could not appeal the referee's decision and that because he was not told that he had to pay the monies back until "much later" he did not appeal — that is basically the thrust of the plaintiff's appeal he made to the Board. The referee's decision, which was noted by the Board, clearly told the plaintiff he had 21 days to appeal and also informed him of the requirements and possible need for repayment by him. In effect, the Board rejected the credibility of the plaintiff's claims. The court should note the plaintiff in his appeal never indicated when he was told or who told him he could not appeal the referee's decision. In his brief, the plaintiff said that at some unspecified time "subsequent to the hearing" before the referee he was told he could appeal and then did so late. But the referee's decision which he does not deny receiving or being aware of contains a 21 day appeal advisement. The Board referenced this decision in its rejection of the plaintiff's appeal.
The Board rejected the reason advanced for the late appeal and found the plaintiff failed to establish "good cause" for the late appeal within the meaning of § 31-248(a)(1). This court cannot retry facts or substitute its own conclusions for those of the Board. The court is bound by the Board's finding of subordinate facts and reasonable factual conclusions of the Board.Finkenstein v. Administrator, 192 Conn. 104, 113 (1984). A reviewing court must accept the findings made by the Board as to witness credibility and must defer to the agency's conclusions to be drawn from the evidence. Howell v. Administrator,174 Conn. 529 (1978); Briggs v. State Employees' Retirement Commission,210 Conn. 214, 217 (1989).
The Board made a perhaps gratuitous speculation that the real reason the plaintiff did not appeal is that the Administrator's electronic message screen indicated the plaintiff called the local job center the day after the referee's hearing stated he was receiving a pension and did not want to receive any more benefits. His last claim for benefits was filed the week ending CT Page 2723 June 14, 1997. The Board said that "the claimant made a deliberate decision not to appeal the referee's decision because he was receiving a pension and thus he had not shown good cause for filing" a late appeal. That perhaps is not quite fair since even if the plaintiff did not make any claim for benefits because he was getting a pension, he would still have a strong motive to appeal the referee's decision because it had a direct bearing on the question of overpayment.
The point is, however, that apart from what the court has indicated is a gratuitous observation, the Board in effect sets forth reasonable conclusions based on appropriate subordinate facts for its decision and the appeal is dismissed.
Corradino, J.