[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant proceeding is a statutory appeal from a determination of the Administrator that the claimant had been overpaid in unemployment compensation benefits in the amount of one hundred thirty ($130) dollars. The Administrator made the initial determination that the claimant was overpaid on September 17, 1997. The claimant took a timely appeal, and the Appeals Referee at the conclusion of a de novo hearing affirmed the Administrator's ruling and dismissed the appeal on October 24, 1997. The claimant filed a second appeal, albeit an untimely one, to the Board of Review on December 10, 1998. This appeal was dismissed by the Board as untimely, it being more than one year after the decision from which he appealed; and thereafter, the claimant filed the last appeal, this proceeding, on January 22, 1999.
The function of this court in hearing an unemployment compensation appeal does not present the case for determination de novo. Its function is to review the record as certified to it by the Board of Review. UnitedParcel Service, Inc. v. Administrator, 209 Conn. 381, 385 (1988). The issue presented involves an application of a statute to the actual circumstances of the case, and it requires an appropriate finding of fact at the administrative level. United Parcel Service, Inc. v.Administrator, supra. The court is bound by the findings of fact and CT Page 4862 reasonable conclusions of the Board of Review in determining whether the Board's decision is arbitrary, unreasonable or illegal. As in most administrative appeals, even though the Board's finding and decision are not as clear and definite as may be desired, they must stand if there is substantial evidence in the record that it is concluded that they are not so unreasonable or illogical as to warrant judicial interference. Howellv. Administrator, 174 Conn. 529, 533 (1978). The court's jurisdiction is more limited than usual in a situation as here where a motion to correct the findings has never been filed. Petela v. Administrator,33 Conn. Sup. 119, 121 (1974); §§ 22-4 and 22-8 of the Practice Book.
There is, however, a saving grace to permit the filing of an untimely appeal. That grace applies where one did have good cause for filing such late appeal. The claimant asserts that his appeal was untimely because he understood that he needed an attorney to file it with the Board of Review. However, all of the advisements that the claimant received, including a notice of hearing and A Claimant's Guide To The Appeal Process, informed him that representation was not generally necessary. The Administrator notes that if the claimant were genuinely confused about the appeal process, that he did not act diligently in contacting the Appeal's Division for further advice and in filing his appeal over a year past the filing deadline. The claimant simply cannot prevail on this factual predicate.
The decision of the Board of Review on the merits follows reasonably from the facts found and the correct application of the law to those facts. The decision is not arbitrary, capricious or contrary to the law, and no motion to correct the findings of the Board was ever filed. SeeCalnan v. Administrator, 43 Conn. 779 (1996). The appeal is, accordingly, dismissed.
Moraghan, J.T.R.