## ARMEN MANUKYAN *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT
### (AC 33880)

Gruendel, Lavine and Flynn, Js.

Argued September 10—officially released October 30, 2012

*Richard T. Sponzo,* assistant attorney general, with whom, on the brief, were *George Jepsen,* attorney general, and *Philip M. Schulz,* assistant attorney general, for the appellant (defendant).

*Armen Manukyan,* pro se, the appellee (plaintiff).

*Opinion*

FLYNN, J. Our Supreme Court has held that when the Superior Court reviews an appeal from the employment

security board of review (board), and no timely motion to correct has been filed with the board, the board's factual findings are not subject to further review by the Superior Court or an appellate court. *JSF Promotions, Inc.* v. *Administrator, Unemployment Compensation Act,* 265 Conn. 413, 422, 828 A.2d 609 (2003). The court only looks to whether the referee's and board's conclusions are reasonably and logically drawn. See *Howell* v. *Administrator, Unemployment Compensation Act,* 174 Conn. 529, 533, 391 A.2d 165 (1978); see also *JSF Promotions, Inc.* v. *Administrator, Unemployment Compensation Act,* supra, 417. The defendant, the administrator of the Unemployment Compensation Act, appeals from the judgment of the Superior Court reversing the decision of the board, which upheld the decision of an appeals referee (referee) concluding that the pro se plaintiff, Armen Manukyan, was not available for full-time work, as is required by General Statutes § 31-235 (a) (2), and was ineligible to receive unemployment benefits. The court found the board's conclusions that the plaintiff " 'is primarily devoting his time to his self-employment activities and that he is not genuinely attached to the labor market or available for full-time work' " were not supported by the board's findings of fact, nor did the board reference any evidence supporting its conclusions in its findings of fact. The court reversed the board's decision and remanded the matter to the board for recalculation of the benefits due to the plaintiff. We reverse the judgment of the court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. The plaintiff is a jeweler. He and his sister were employed at Lux Bond & Green, Inc., until they lost their positions in January, 2009. The plaintiff filed a claim for unemployment compensation benefits effective January 11, 2009, and was found eligible.[1]

---

[1] We set forth a brief road map of the unemployment compensation appeals process. The administrator can investigate claimants receiving benefits.

Armeny, LLC (the LLC), was formed as of June 29, 2009, and the plaintiff's sister was listed as the managing member. The plaintiff's home address was the address initially listed by the LLC when it registered with the department of revenue services for sales tax purposes. The LLC's business, Armeny Custom Jewelry Design, is located in West Hartford and opened on September 1, 2009.

In February, 2010, after receiving an anonymous tip, the administrator investigated whether the plaintiff was the owner-operator of Armeny Custom Jewelry Design. On April 9, 2010, after a hearing, an adjudicator denied the plaintiff unemployment benefits. In his decision, he made a "[r]ecommendation for fraud overpayment and penalty weeks." The adjudicator found that the plaintiff was unavailable for work because he was fully employed as an owner of a business or, at least, devoted all his time to working for the LLC.

On April 15, 2010, the plaintiff appealed the adjudicator's determination to the referee contending that he was available for work. After a de novo hearing on July 13, 2010, the referee issued his decision in which he affirmed the adjudicator's determination and dismissed the plaintiff's appeal. In his decision, the referee made several findings of fact, including:

"7. The [plaintiff] routinely spent 25-30 hours per week working at the business.

General Statutes § 31-241 (a). After such an investigation, an appeal from the administrator's decision and a request for a hearing before an adjudicator may be made. General Statutes § 31-241 (a). If the adjudicator denies the claimant unemployment benefits, the claimant can then appeal the adjudicator's determination to an appeals referee for a de novo review of the claim. General Statutes § 31-242. The referee's determination may then be appealed to the employment security board of review; General Statutes § 31-249; whose subsequent determination may then be appealed to the Superior Court. General Statutes § 31-249b.

"8. Business cards were printed listing the [plaintiff] as owner/designer of the business.

"9. Publicity in local periodicals list the [plaintiff] as owner and operator of the business. They also reference the [plaintiff] as experienced in [j]ewelry [d]esign and fabrication, with the skill and experience to create custom products.

"10. The [plaintiff's] on-line business is also cited.

"11. The [plaintiff's] work search consists primarily of jewelers, who are in competition with this business."

The referee further determined: "[A]lthough the [plaintiff] does not own the business, he is a principal in it. . . . [H]e is held out as the jeweler running the business, with the skills and experience to provide services to the general public. . . . [T]he [plaintiff] has the requisite skills necessary to make the business successful. The [plaintiff's] efforts to find work are primarily with jewelry companies that would be in competition with the business he runs for his sister. . . . It is not realistic that a company would hire an individual advertised as the owner and competitor. . . . [T]he referee agrees with the administrator that the [plaintiff] is fully employed and therefore ineligible for unemployment compensation benefits." (Citation omitted.) The plaintiff filed a timely appeal to the board on August 25, 2010.

On appeal to the board, the plaintiff argued that although he did help his sister in her business, "he had been unequivocally exposed to the labor market because he extended his search to retail sales positions." The plaintiff further argued that his experience in the industry would make him an attractive applicant to competitors and "the referee improperly conducted an investigation by searching the Internet regarding the

[plaintiff's] activities."[2] After reviewing the record, the board affirmed the referee's decision. The board adopted all of the referee's findings of fact, but added the additional finding: "The business, Armeny Custom Jewelry Design, and the [plaintiff's] Internet site advertise custom jewelry designs. The [plaintiff's] sister is experienced in retail sales, but she is not a jewelry designer and repairer, which is the [plaintiff's] expertise. The [plaintiff] and his sister are the only people in the business, which is open seven days a week."

The board concluded that the plaintiff has been engaged in self-employment, "primarily devoting his time to his self-employment activities and . . . is not genuinely attached to the labor market or available for full-time work." The board supported its conclusion based on a business card for Armeny Custom Jewelry Design, which referred to the plaintiff as the owner of the business, the business being originally registered with the department of revenue services with the plaintiff's home address as the address for the LLC, the plaintiff answering the telephone when the investigator called Armeny Custom Jewelry Design, the plaintiff's indication to that investigator that he was working there that day, as well as the next day, and the plaintiff's presence at Armeny Custom Jewelry Design when personnel from the department of revenue services visited the business.

The plaintiff timely filed what he termed a "motion to reopen" the board's decision on December 2, 2010, alleging that the board ignored evidence submitted to the referee, specifically evidence that the plaintiff was

---

[2] The board disposed of this claim by noting that while the referee updated the information from the administrator's report through an Internet search, "[t]he [plaintiff] did not object to the referee's admitting this evidence. Instead, he testified that the website was no longer active." The board found that the plaintiff's due process rights were not violated by the referee's inquiry.

looking for and applying for work. The board denied the motion on the basis that there was "ample evidence that the claimant is self-employed" and "the [plaintiff's] efforts have been directed only at competitors."[3]

The plaintiff then appealed the board's decision to the Superior Court on March 21, 2011. The matter was taken on the papers because neither party requested oral argument. The plaintiff did not file a memorandum of law or position statement with the court, but the defendant filed a memorandum of law in opposition to the plaintiff's appeal. In his memorandum of law, the defendant argued, again, that the plaintiff was unavailable for work based on the findings of fact by the referee and board. Furthermore, the defendant correctly contended that because the plaintiff failed to file a motion to correct under Practice Book § 22-4[4] the board's factual findings were binding on the court.

In a memorandum of decision filed August 10, 2010, the court acknowledged the plaintiff's failure to file a motion to correct the board's findings and the subsequent effect of precluding further review of the facts found by the board. The court proceeded to review "the board's decision that the plaintiff was not available for full-time employment only to determine if the board's

---

[3] The plaintiff also sought a waiver of the assessed overpayment amount. The board found, however, that the issue was not properly before it because the plaintiff failed to file a timely appeal of the overpayment determination.

[4] Practice Book § 22-4 provides: "If the appellant desires to have the finding of the board corrected, he or she must, within two weeks after the record has been filed in the superior court, unless the time is extended for cause by the board, file with the board a motion for the correction of the finding and with it such portions of the evidence as he or she deems relevant and material to the corrections asked for, certified by the stenographer who took it; but if the appellant claims that substantially all the evidence is relevant and material to the corrections sought, he or she may file all of it, so certified, indicating in the motion so far as possible the portion applicable to each correction sought. The board shall forthwith upon the filing of the motion and of the transcript of the evidence, give notice to the adverse party or parties."

decision was unreasonable, arbitrary, or illegal." In its review, the court found "that the board's decision was arbitrary in that its conclusions are not founded on its findings, are speculative and not in compliance with its own regulations." The court specifically noted the absence of factual findings that, in its opinion, were needed to support the board's conclusions, including findings that "the plaintiff was employed full-time or that he [had] received any compensation from his sister's business" or "the plaintiff did not make himself available for full-time employment elsewhere or that he was unable or unwilling to do so." Additionally, the court further stated the conclusions it found to be unsupported or based on speculation, including: "the plaintiff actually was a legal owner of his sister's business," "the plaintiff might have been compensated by his sister" and "the plaintiff is primarily devoting his time to his self-employment activities and that he is not genuinely attached to the labor market or available for full-time work." (Internal quotation marks omitted.) Due to these purported deficiencies in the board's decision, the court sustained the plaintiff's appeal and reversed the board's decision. The defendant then filed a motion to reargue on August 30, 2011, which was denied by the court the next day.

On September 20, 2011, the defendant filed this appeal claiming that, based on the board's binding factual findings, the plaintiff was not available for work and was ineligible for benefits because the plaintiff primarily was devoting his time to self-employment and was not exposed unequivocally to the labor market and available for full-time work.

We begin by setting forth our standard of review and the principles that guide our analysis. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b,[5] concerns findings of fact, a court is

[5] General Statutes § 31-249b provides in relevant part: "At any time before the board's decision has become final, any party, including the administrator,

limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) *United Parcel Service, Inc.* v. *Administrator, Unemployment Compensation Act*, 209 Conn. 381, 385–86, 551 A.2d 724 (1988). "[The court] is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board of review adopted the findings and affirmed the decision of the referee." *DaSilva* v. *Administrator, Unemployment Compensation Act*, 175 Conn. 562, 564, 402 A.2d 755 (1978). "If the referee's conclusions are reasonably and logically drawn, the court cannot alter them." *Howell* v. *Administrator, Unemployment Compensation Act*, supra, 174 Conn. 533.

A party's "failure to file a timely motion for correction of the board's findings in accordance with [Practice Book] § 22-4 prevents further review of those facts found by the board." *JSF Promotions, Inc.* v. *Administrator, Unemployment Compensation Act*, supra, 265 Conn. 422. Practice Book § 22-9 (a) provides in relevant part: "[The court] considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether . . . there was any

may appeal such decision, including any claim that the decision violates statutory or constitutional provisions, to the superior court for the judicial district of Hartford or for the judicial district wherein the appellant resides. . . ."

evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . ."

Section 31-235 (a) (2) provides in relevant part that an individual is eligible for unemployment benefits if an "individual is physically and mentally able to work and is available for work and has been and is making reasonable efforts to obtain work . . . ." "[T]he determination of a claimant's eligibility for unemployment compensation benefits shall be based solely on the provisions of this chapter and any regulations adopted pursuant thereto. . . ." General Statutes § 31-236e (a). Section 31-235-6 of the Regulations of Connecticut State Agencies provides: "(a) Except as provided in section 31-235-6a of the Regulations of Connecticut State Agencies, in order to find an individual eligible for benefits for any week, the Administrator must find the individual available for full-time work during that week. An individual is available for work if the individual is genuinely exposed to the labor market. An individual is genuinely exposed to the labor market if such individual is willing, able and ready to accept suitable work. (b) The Administrator shall find that a labor market exists for an individual, if within a reasonable geographic area, there are jobs for which such individual possesses skills and abilities. The fact that there are more persons in an area qualified for a certain type of job than there are job vacancies does not negate the existence of a labor market for the individual. . . ." More simply put, "[t]o be available for work within the meaning of the statute, one must be ready, able and willing to accept suitable employment. He must be exposed unequivocally to the labor market." (Internal quotation marks omitted.) *Stapleton* v. *Administrator, Unemployment Compensation Act*, 142 Conn. 160, 164–65, 112 A.2d 211 (1955). "[A] person seeking self-employment is not exposing

himself to the labor market but has in fact withdrawn from it to become involved in his own enterprise." (Internal quotation marks omitted.) *Johnson* v. *Administrator, Unemployment Compensation Act*, 3 Conn. App. 264, 268, 487 A.2d 565 (1985).

Although not binding on this court, it is helpful to refer to previous board decisions in order to examine the application of the availability requirement to claimants engaged in self-employment. In one such board decision, the claimant was found to be self-employed despite the fact that he did not own shares in the family corporation. *Deans* v. *Administrator, Unemployment Compensation Act*, Employment Security Appeals Division Board of Review, Case No. 1136-BR-90 (November 15, 1990). The board's decision was based on the presumption of an identity of interest in family corporations, as well as the claimant's actions in furtherance of the corporation's success, including performing all repairs for the business and soliciting work for the corporation. Id. "[A] claimant who is seeking work as an employee . . . has the difficult burden of proving that he is not primarily devoting his time to his own business but is genuinely attached to the labor market and available for full-time work." Id.

After a thorough review of the certified record, we conclude that the referee's and board's factual findings support the conclusion that the plaintiff was ineligible for benefits under § 31-235 (a) (2) because the plaintiff primarily was devoting his time to his self-employment activities and not genuinely attached to the labor market or available for full-time work. Specifically, the board found that the business was only comprised of the plaintiff and his sister, was open seven days a week, advertised custom jewelry designs, and the plaintiff's expertise was in jewelry design and repair, while the plaintiff's sister lacked such expertise. The board

adopted the referee's findings that the plaintiff "routinely spent 25-30 hours per week working at the business," "[b]usiness cards were printed listing the [plaintiff] as owner/designer of the business" and publicity for the business "list[ed] the [plaintiff] as [the] owner and operator of the business," who possessed skill and experience in custom jewelry design and fabrication. In making these findings, the board did not find credible that "both the company's advertisement and the [plaintiff's] business card would erroneously refer to the [plaintiff] as the owner of the business."[6]

We conclude there is a logical and rational basis for the board to conclude the plaintiff was self-employed. Specifically, the referee, whose decision was adopted wholly by the board, found the plaintiff to be a principal in the business. Furthermore, both local business publicity and business cards described the plaintiff as the owner of the business. Finally, there was a presumed identity of interest in family businesses based on the plaintiff's unity of interest in the business, as well as his actions in furtherance of the business' success, including devoting a substantial amount of time working in the store and performing repairs. See *Deans* v. *Administrator, Unemployment Compensation Act,* Employment Security Appeals Division Board of Review, Case No. 1136-BR-90, supra. It is reasonable, therefore, to conclude that the plaintiff was self-employed.

Although self-employment does not automatically disqualify a claimant from receiving benefits, if the self-employment renders the claimant unavailable within the meaning of § 31-235 (a) (2), then the person is not eligible for compensation. See generally *Johnson* v.

[6] "[The court] cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . ." Practice Book § 22-9 (a).

*Administrator, Unemployment Compensation Act,* supra, 3 Conn. App. 264; *Micca* v. *Administrator, Unemployment Compensation Act,* 26 Conn. Sup. 16, 209 A.2d 682 (1965). The board did not treat the plaintiff's business involvement as an automatic disqualification, but looked at all of its factual findings. Here the business was open seven days a week, but only two people, the plaintiff and his sister, were involved in the business. Of these two people involved in the business, explicitly described as a custom jewelry store, only the plaintiff had the expertise to repair jewelry and to create custom pieces. It would be reasonable to conclude that someone has withdrawn from the labor market who is half of the labor force in a business that is open seven days a week. Therefore, the board's findings form a logical and rational basis for the board's conclusion that the plaintiff's self-employment rendered him unavailable for full-time work and, thus, unattached to the labor market.

The court does point to what it concludes are factual omissions and conclusions of the referee and board, which would have made their decisions more clear and definite.[7] We cannot say their conclusions are so unreasonable or illogical as to warrant judicial interference. See *Howell* v. *Administrator, Unemployment Compensation Act,* supra, 174 Conn. 533. It was the plaintiff's obligation, under Practice Book § 22-4, to make a timely motion to correct if he claimed any lack of clarity or error in the board's findings, but he did not do so.

Accordingly we conclude that the court improperly determined that the factual findings did not support the board's conclusion that the plaintiff is primarily devoting time to self-employment and is not genuinely

[7] For example, the Superior Court noted the absence of findings of fact "that the plaintiff was employed full-time," "that the plaintiff did not make himself available for full-time employment elsewhere or that he was unable or unwilling to do so."

attached to the labor market nor available for full-time work.

The judgment is reversed and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.